# Dumbluskey *v.* P. & R. C. & I. Co., Appellant.

*Workmen's compensation — Death from injury — Pneumonia— Findings—Evidence.*

An allowance for death of claimant's husband will be sustained, where sufficient and competent evidence in the case is in effect that the deceased, a miner, was squeezed or bumped while placing in position a stick of lumber while at his work, that he immediately complained of the injury and left work, and subsequently died of pneumonia, which developed from traumatic pleurisy, as the result of the injury.

Argued February 16, 1921. Appeal, No. 268, Jan. T., 1921, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1920, No. 285, affirming decision of Workmen's Compensation Board which sustained award of allowance of referee, in case of Anna Dumbluskey v. Phila. & Reading Coal & Iron Co. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court affirmed the opinion of the Workmen's Compensation Board. Defendant appealed.

*Error assigned,* among others, was judgment, quoting it.

*Jno. F. Whalen,* with him *George Ellis,* for appellant.

*Henry Houck,* for appellee.

PER CURIAM, March 7, 1921:

Plaintiff petitioned the Workmen's Compensation Board for an award of compensation for the death of her husband. The referee found, inter alia, "the injury that decedent sustained on February 24, 1920, while in the course of his employment, decreased the vitality and resisting power of the pleura and lung tissue, that pneumonia and influenza developed as a secondary infection which caused his death. We find here a direct connection between the injury to the man and his death." The board subsequently, on appeal, approved the action of the referee and the Common Pleas of Schuylkill County in turn, on appeal, affirmed the finding of the board.

The question before us is the sufficiency of the testimony to sustain the findings. It appears from the evidence that deceased and a fellow workman were engaged in "putting up a set of timber at the face of the buggy gangway" in one of defendant's mines and while placing in position a stick of lumber, six feet long and twelve inches in thickness, known as a collar, deceased was "squeezed or bumped" by the collar. He immediately complained to his fellow workman of the injury and of pain in his side, left the mine and went to his home. His wife testified that upon examination of his body on his return home, she found a "streak of red, a red mark turning to a black." Dr. Scanlon, the family physician, described the mark as "being on the right side about the ninth or tenth rib, and was a slight abrasion like a scratch, a discoloration in an area of about two or three inches in diameter." Dr. Austra said he found "a discoloration of the skin. It was ragged like, but was

not in any way scarred or circumscribed. It had an outline like the map of Europe." During the illness of deceased four doctors were called from time to time. The family doctor was of the opinion the injury received by deceased caused traumatic pleurisy which later developed into pneumonia. All the physicians agree that death was the result of pneumonia which followed either traumatic pleurisy or influenza, the latter being prevalent at the time. None, however, testified that the development of traumatic pneumonia from an injury such as was indicated by the mark on the body of deceased was improbable or impossible.

The testimony before the referee and compensation board, referred to above, was clearly competent and ample to sustain the findings of fact and conclusions of law set out in the award.

The assignments of error are overruled and the judgment of the court below affirmed.