## Jones v. Phila. & Reading C. & I. Co., Appellant.

*Workmen's compensation—Injury as cause of death—Superinducing cause—Opinion of experts—Evidence.*

1. Injury following an extraordinary exposure to wet and cold, suffered in the course of employment, may be compensable under the workmen's compensation statutes.

2. An award for death may be sustained where a physician testifies: "I think the wetting was the cause of his trouble which eventually terminated in pneumonia and caused his death."

3. The words "I think," are equivalent to "I believe," and amount to an assertion of professional opinion.

4. Where the superinducing cause of death was exposure to wet and cold, it is immaterial that such exposure may have been aggravated by other causes, such as going out improperly clad.

Argued January 11, 1926. Appeal, No. 378, Jan. T., 1925, by defendant, from judgment of C. P. Schuylkill Co., March T., 1924, No. 413, affirming decision of Workmen's Compensation Board, allowing claim in case of Gertrude Jones v. Philadelphia & Reading Coal & Iron Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board allowing claim. Before KOCH, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*John F. Whalen,* with him *George Ellis,* for appellant, cited: Morgan v. C. & I. Co., 273 Pa. 255; Fink v. Axle & Spring Co., 270 Pa. 476.

*Roger J. Dever,* for appellee, cited: McPhee's Case, 109 N. E. 633; Dumbluskey v. C. & I. Co., 270 Pa. 22; Tracey v. C. & I. Co., 270 Pa. 65; Davis v. Davis, 80 Pa. Superior Ct. 343.

OPINION BY MR. JUSTICE WALLING, February 1, 1926:

On January 25, 1923, while George R. Jones, the deceased, and his father were in the course of their employment for defendant, near Mahanoy City, Schuylkill County, the father was buried by the slide of a culm bank. A desperate effort to rescue him was made by the deceased and other employees, lasting about two and a half hours, when the father's lifeless body was recovered. A large quantity of water was used in the rescue work and the deceased was drenched from his knees down. Following the exposure, excitement and exertion, he had a severe cold, but attended the funeral of his father, January 29th, and, returning home, went to bed and called a doctor the same day, who testified that the deceased then had, "chills, fever, sweating, pains all over the body and head and some cough; some congestion there in the chest, with a cough of course; catarrhal symptoms like you get from grippe," and that his condition then was a catarrhal one that might pass into pneumonia. The evidence seems to indicate that the patient got some temporary relief, at least, that doctor did not call again, but about February 7th, other phy-

sicians were summoned who found the patient suffering from pneumonia, with which in their judgment he had been afflicted for several days, and which caused his death, February 11th, seventeen days after the exposure. The first award of the referee in favor of claimant, as his widow, was affirmed by the compensation board, but reversed by the court of common pleas for lack of sufficient medical evidence connecting the pneumonia with the exposure, and the case was sent back to the compensation board for further hearing. Additional testimony was taken and a second award made in favor of claimant, which, being affirmed by the court of common pleas, resulted in this appeal by defendant.

The proofs sustain the award. The medical evidence is that the sickness with which the deceased was suffering on the afternoon of the funeral was not the result of exposure on that day, but had been some days in developing, about as it would be if resulting from the exposure, etc., suffered four days previously. Dr. D. W. Collins, of Wilkes-Barre, a specialist in internal diseases, not called at the first hearing, on a consideration of all the facts, testified: "I think the wetting was the cause of his trouble which eventually terminated in pneumonia and caused his death," and further: "Pneumonia was the condition resulting from fever and chills operating for several days." The conclusion of an expert, given as, "I think," is equivalent to saying, "I believe," and amounts to an assertion of his professional opinion, at least as strong as the assertion of his opinion that, under all the attending data, the result in question most probably came from the assigned cause, which is sufficient: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; Sullivan v. Baltimore & Ohio R. R. Co., 272 Pa. 429; McCoy v. Jones & Laughlin Steel Co., 275 Pa. 422; Mauchline v. State Ins. Fund, 279 Pa. 524. The testimony of the three attending physicians is consistent with that of Dr. Collins, although they leave the cause of the pneumonia somewhat in doubt; but no other

probable cause therefor was pointed out. The conclusion of Dr. Collins follows the logical and natural sequence of events and is strengthened by what actually happened. If the exposure on January 25th was the superinducing cause of death, it matters not that it may have been aggravated by some other cause, such as attending his father's funeral when ill, or going out improperly clad. Injury following an extraordinary exposure to wet and cold, suffered in the course of employment, may be compensable under the workmen's compensation statutes, on the same principle as a prostration resulting from heat (Lane v. Horn & Hardart Baking Co., 261 Pa. 329); so may death from pneumonia caused by an injury or unusual exertion and exposure: Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Murdock v. New York News Bureau et al., 263 Pa. 502; Bradbury's Workmen's Compensation (3d ed.), beginning at page 424; also In re McPhee, 109 N. E. (Mass.) 633.

The judgment is affirmed.