Senlock *v.* P. & R. C. & I. Co., Appellant.

Argued December 9, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Penrose Hertzler,* and with him *B. D. Troutman* and *John F. Whalen,* for appellant.

*Roger J. Dever,* for appellee.

Opinion by Baldrige, J., January 28, 1932:

The sole question in this compensation case is whether the death of claimant's husband from pneumonia was the result of accidental injury, as contemplated by the Workmen's Compensation Act. The compensation authorities found that it was. With this conclusion we concur.

When the decedent went to work in defendant's coal mine on the night of April 17, 1930, he was apparently in good health. He, with another employe, was engaged, when he began his work, in standing timber in a gangway where he had been working for some days. In places this gangway was wet and in other parts it was dry. On this particular night, the gangway where the decedent was working was dry. When water dropped from the roof, which frequently occurred, these men wore, for protection, oil suits. After the timbers were placed, the decedent began to load coal where there was so much water that his clothes became thoroughly wet. His fellowworkman testified that "we had to dump water out of our boots ...... very cold there too." In the midst of his work, he took a severe chill and went home. A doctor attended him on the 19th and found that he was suffering from pleuro-pneumonia, which he attributed to his getting wet and which caused his death on May 14, 1930. The deceased was extraordinarily exposed to cold water, which was the superinducing cause of his death and, therefore, compensable (Jones v. P. & R. C. & I. Co., 285 Pa. 317), under the same principle as a prostration from excessive heat: Lane v. Horn & Hardart Baking Co., 261 Pa. 329.

The appellant maintains that the decedent's getting wet and cold was not an unexpected and untoward occurrence, as contemplated by the statute; that the facts involved bring this case in the category of occupational diseases. We cannot agree with this posi-

tion. There was no slow development of a disease resulting from the decedent's working under ordinarily dangerous conditions as there had been no prior impairment of his health. The water situation must have been exceptionally bad on the night he took the chill, as this was a single instance when his clothing was wet through and his boots were filled with water. As was said in Mauchline v. State Ins. Fund, 279 Pa. 524, 527, ''The case is not brought within the rule that compensation may be given for an accidental injury which sets in motion a dormant malady or aggravates an existing disease, so that the death or disability can properly be attributed to such aggravation, for there is here no evidence to support the finding that claimant had any incipient disease before August 24, 1921, which resulted in disability because of the smoke and fumes then inhaled.'' His death can be attributed to a certain time when there was a sudden or violent change in the physical structure of his body (McCauley v. Imperial Woolen Co., 261 Pa. 312, 328), due to unusually hazardous conditions. Here, as in Boyle v. P. & R. C. & I. Co., 99 Pa. Superior Ct. 178, there was sufficient evidence to support the finding of the referee and the award to the claimant.

Judgment affirmed.