Micale *v.* Light and State Workmen's Insurance Fund, Appellants.

Argued April 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*A. L. Edwards*, Deputy Attorney General and with him *Ralph H. Behney* and *Wm. A. Schnader*, Attorney General, for appellants.

*Edward Friedman*, and with him *Charles J. Margiotti, W. M. Gillespie*, and *S. C. Pugliese*, for appellee.

Opinion by Keller, J., July 14, 1932:

The referee and the Workmen's Compensation Board found that the death of claimant's husband, who was a coal miner working for A. L. Light, the defendant, was not caused by an accidental injury happening to him in the course of his employment, and that no violence to the physical structure of the deceased employee had been shown such as would entitle the claimant to compensation. On appeal the court of common pleas of Jefferson County reversed the board and entered judgment for the claimant.

Our Supreme Court has ruled that, "To be an accident, within the workmen's compensation law, the injury must usually result from some undesigned event occurring at a particular time during the course of the employment": Mauchline v. State Ins. Fund, 279 Pa. 524, 526. There must be some unusual occurrence or untoward happening aside from the usual course of events: Gausman v. Pearson Co., 284 Pa. 348, 354; Diriscavage v. Penna. Coal Co., 96 Pa. Superior Ct. 189, 193. Where death results from a germ infection, the disease must have been a sudden development from some abrupt violence to the physical structure of the body, and not the mere result of gradual development from long continued exposure to natural dangers incident to the employment: McCauley v. Imperial Woolen Co., 261 Pa. 312, 328.

The revisory powers of the court of common pleas, as well as of this court, in workmen's compensation cases are limited to the determination of the question whether there is evidence to support the findings of fact, and whether the law has been properly applied. The Act of June 26, 1919, P. L. 642, does not authorize the court to weigh conflicting evidence, or decide what inferences should be drawn therefrom: Rodman v. Smedley, 276 Pa. 296, 298.

Before there can be a valid determination that an employee was injured by an accident in the course of his employment there must be a finding by the referee, or, in case of appeal on the facts, by the board, that there has been some unusual occurrence or untoward happening, aside from the usual course of events, or a sudden development from some abrupt violence to the physical structure of the body, from which the injury or disability resulted. Such finding, whether affirmative or negative, is purely one of fact, with which neither the court below nor this court can interfere beyond determining whether there is evidence to support the finding.

In the present case both the referee and the board found that there was no such unusual occurrence or untoward happening, aside from the usual course of events, no sudden development of disease from some abrupt violence to the physical structure of the body, resulting in the employee's death, and hence concluded that his death was not caused by an accidental injury happening to him in the course of his employment. There was evidence to support the findings of fact which negatived accidental injury, and the conclusion of the referee and board was in strict accord with the fundamental findings of fact. This being so, the court below was without authority to disturb it.

The employee died of pneumonia. This is a germ disease, the direct result of a specific micro-organism or micro-organisms. The pneumococcus is frequently present in the fauces of healthy persons, and seems to require a lowered power of resistance or other favoring condition for the production of an attack. When this lowered power of resistance or other favoring condition, resulting in disease, is a sudden development from some abrupt violence to the physical structure of the body, or the result of some unusual occurrence or untoward happening, aside from the usual course of events, it is regarded as an accident within the workmen's compensation law; when it is the gradual development from long continued exposure to natural dangers incident to the employment, it is not: McCauley v. Imperial Woolen Co., supra; Anderson v. Baxter, 285 Pa. 443, 447.

In the present case, while most of the mine workings were dry, the room where Micale and his "buddy" had worked for a month before the former fell ill, was, during that period, uniformly and continuously wet. There was no unusual occurrence or untoward happening about it. The chill, which heralded the attack of pneumonia and was a symptom of the disease, was not the unusual occurrence or untoward happening con-

templated by the law. They refer to objective happenings, not to subjective feelings or symptoms.

The case is readily distinguishable from Jones v. P. & R. C. & I. Co., 285 Pa. 317; Boyle v. P. & R. C. & I. Co., 99 Pa. Superior Ct. 178; Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Senlock v. P. & R. C. & I. Co., 104 Pa. Superior Ct. 156; Lacey v. Washburn & Williams Co., 105 Pa. Superior Ct. 43, and similar cases, in all of which there was some unusual occurrence or untoward happening aside from the usual course of events in the employee's work, or the disease resulting in death was a sudden development from some abrupt violence to the physical structure of the body, and not the result of gradual development from long continued exposure to natural dangers incident to the employment. Besides, in them the ultimate fact finding body, the referee or the board, as the case may be, had found the facts to be such as to support the conclusion that death was caused by an accidental injury, and where there is evidence to support the finding the courts cannot interfere beyond seeing that the law is properly applied.

In so far as lower court decisions cited by the court below are inconsistent with this opinion, they are not approved by us.

The assignments of error are sustained. The judgment of the court below is reversed and the order of the Workmen's Compensation Board disallowing compensation is affirmed.