Gibson v. Frank Kuhn et al., Appellant.

Before TREX-
LER, P. J., GAWTHROP, CUNNINGHAM, BALDRIGE, STADT-
FELD and PARKER, JJ.

*Harry J. Nesbit,* for appellant.

*B. Robert Averbach,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

This is a workmen's compensation case. The referee found that the deceased James Gibson was employed by the defendant, Frank Kuhn Company as a stationary engineer in the month of February, 1930. The defendant company is in the meat packing business, and there is more or less a dampness about the plant at all times. It appears that in addition to the deceased's duties as engineer he was required to help the carpenter, and do general repair work about the plant. On February 5, 1930 he was assisting the general repairman in building a roof over the yard. This was done in the open. There happened to be a rain that day and he got wet to the skin. There is sufficient in the case to show

that he contracted a cold from exposure, which caused pneumonia to develop, and resulted in his death. The referee found that his death was occasioned by *accident* while in the course of his employment, and awarded compensation, which award was sustained by the board and by the court below. The only question in the case is whether under the facts, which are not disputed, the conclusion drawn by the referee, that there was an accidental exposure, was correct.

We think there is not sufficient evidence to sustain this finding. We cannot take the position that every workman, who has an outside job who happens in the discharge of his duties as employee to get soaked by a rain and contracts pneumonia, dies from accident. This man's employment was repairman in connection with his duties as engineer. He, of course, had to go wherever his duties called him. If, in the course of his employment, he was wetted by a rain there is no element of accident in the occurrence. It would be likely to occur in the usual course of events. Injury following an extreme exposure to wet and cold suffered in the course of employment may be compensated, just as prostration resulting from heat, but such an exposure must be unusual: Jones v. P. & R. C. & I. Co., 285 Pa. 317. "To constitute an accident there must be some untoward occurrence aside from the usual course of events." Justice WALLING in Gausman v. R. T. Pearson Co., 284 Pa. 348; Broch v. Lehigh Valley Coal Co., 296 Pa. 502. The cases cited in support of the conclusion reached by the referee do not sustain it when the facts in each case are considered.

In Boyle v. P. & R. C. & I. Co., 99 Pa. Superior Ct. 178, the wetting was the result of the flooding of the mine so that the water covered the gangway to a depth above the rails. Certainly an unusual situation, obviously out of the ordinary.

In Senlock v. Phila. & Reading C. & I. Co., 104 Pa.

Superior Ct. 156, death resulted from pneumonia occasioned by the defendant working in a coal mine in a place where there was an unusual quantity of water on the day in question, so that the water got over his boot tops. The exposure was extraordinary.

While it is regrettable that the recovery may not be had in this case, we are, nevertheless, unable to come to the conclusion that there was any evidence to support the finding that this was an unusual exposure, on the contrary it is such an ordinary situation as any repairman in any plant is likely to meet when he does outside work.

The judgment of the lower court is reversed.