## Poklembo, Appellant, v. Hazle Brook Coal Company.

533

Argued December 12, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Stephen L. Gribbin* and with him *Roger J. Dever,* for appellant.

*P. B. Roads,* for appellee.

Opinion by Keller, J., February 1, 1935:

Claimant's husband, who was employed by the defendant coal company to run a motor in its Midvale Colliery, died of pneumonia on February 4, 1932. The mine was a damp one and there was water running in and dripping from the chutes all the time.

It was shown that on January 26, 1932, he became wet from water running from the chutes and got a chill about two o'clock in the afternoon, which necessitated his quitting work and going home. Pneumonia developed and his death, as above stated, followed.

The referee and the Workmen's Compensation

Board awarded the claimant compensation. The defendant appealed on the ground that the death was not accidental. It is only fair to state that the order of the board was filed before the Supreme Court handed down its decision in Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724, which clarified the law on this subject.

The court below, following that case and our decisions in Micale v. Light, 105 Pa. Superior Ct. 399, 161 A. 600; and Gibson v. Kuhn, 105 Pa. Superior Ct. 264, 161 A. 456, reversed the order of the board, because there was no evidence to show that the dampness in the mine, the water running in the chutes and the consequent wetting of the employee was unusual or other than was to be expected from the ordinary conditions of the mine.

We think the facts in evidence bring the case squarely within our decisions in Micale v. Light, supra, Gibson v. Kuhn, supra, and Waleski v. Susquehanna Collieries Co., 108 Pa. Superior Ct. 342, 164 A. 355; in all of which the exposure to water and dampness was in the usual course of employment, and hence not accidental; and distinguish it from Jones v. P. & R. C. & I. Co., 285 Pa. 317, 132 A. 122, and Senlock v. P. & R. C. & I. Co., 104 Pa. Superior Ct. 156, 158 A. 663, where the wetting which caused the chill and preceded the pneumonia culminating in death was the result of an extraordinary exposure to wet and cold, not usually or customarily happening in the course of employment, and therefore accidental.

The judgment is affirmed.