## Biglin, Appellant, *v.* Pennsylvania Department of Labor and Industry et al.

Argued September 26, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*Maurice S. Levy,* for appellant.

*John T. J. Brennan,* with him *Guy K. Bard,* Attorney General, and *S. H. Torchia,* for appellees.

OPINION BY BALDRIGE, J., November 21, 1938:

The claimant is secking compensation for the death of her husband. The referee made an award and his action was affirmed by the Workmen's Compensation Board. The court below sustained exceptions of the State Workmen's Insurance Fund to the award and entered judgment for the employer. Plaintiff appealed.

George Biglin, the deceased, was employed as an investigator by the defendant, Pennsylvania Department of Labor and Industry. During the week of February 12, 1936, there was a Better Housing Exhibition at Convention Hall, Philadelphia. Investigators were assigned by the Department of Labor and Industry to distribute pamphlets and to give information at the exhibition concerning our compensation laws and proposed changes thereto. The booth at which the deceased worked was situated in the lobby midway between two entrance doors to the building. On the main floor of Convention Hall there were frequent demonstrations of oil burners and other heating apparatus, causing a large amount of heat to be generated which was carried into the lobby where it met the cold

outside air coming through the two doors which were constantly opened and closed by visitors to the exhibition. Drafts were thus created and violent temperature fluctuation resulted in the lobby. These same atmospheric conditions existed continuously from the inception of the exhibit on Saturday, February 13, 1936. During the evening of February 18th, which was the third occasion the deceased did this particular work during that week, he had a chill and died from influenza four days after.

The question that presents itself is: Was the decedent's death the result of an accident within the meaning of our Workmen's Compensation Act of June 2, 1915, P. L. 736?

The board, in discussing whether the facts proven establish an accident, stated: "A strict adherence to the ruling in the Lacey case [*Lacey v. Washburn & Williams Co.*, 309 Pa. 574, 164 A. 724] might perhaps cast some doubt on that question, but if the decisions in other cases are of equal authority we feel that such exposure, under the peculiar circumstances existing constitutes an accidental injury . . . . . ." The cases referred to by Commissioner Swaney were all decided prior to the Lacey case. This later decision, we think, controls the case in hand. There, a carpenter worked for over an hour in a refrigerating room of an ice cream company, he caught cold, and died from pneumonia. The court held that as there was no proof of any sudden or unexpected event, of a mishap, or fortuitous happening, the claimant failed to meet the burden of proving the decedent's death was due to an accident sustained in the course of his employment. In *Gibson v. Frank Kuhn et al.*, 105 Pa. Superior Ct. 264, 161 A. 456, compensation was denied claimant for the death of her husband resulting from pneumonia which followed a wetting when repairing a roof, as there was no element of an accident, as getting wet and taking a chill was not an unusual result of working out of doors. See, also,

*Micale v. Light et al.,* 105 Pa. Superior Ct. 399, 161 A. 600.

The appellant stresses the fact that the deceased when he contracted the chill was not engaged in his usual employment and was exposed to unusual conditions. Assuming that his assignment, which was clearly within his employment, was temporary, nevertheless, there was no proof of the essential requirement in a case of this character of a mishap or untoward event which constitutes an accident. There was no unusual change in the atmospheric conditions in the lobby at or about the time the deceased had his chill. On the contrary, the lobby had been continuously drafty for the previous five days and the deceased had knowledge thereof as he had been exposed to the same conditions on at least two previous occasions. It can only be concluded that his illness was the natural and probable result of a voluntary exposure to drafts of hot and cold air.

The appellant cites *Roth v. Locust Mountain State Hospital et al.,* 130 Pa. Superior Ct. 1, 6, 196 A. 924, where we stated: "If pneumonia is contracted by exposure to cold or water, under conditions which usually prevail, the general rule is that it is not compensable [citing cases].

"On the other hand, if one is exposed in the course of his employment to unusual conditions, and pneumonia results therefrom, there is an accident injury." That was a border-line case but the factual situation was entirely different and there was sufficient proof of an untoward event, not present in this case, which caused an accident, superinducing the death. In *Heisler v. Lincoln Realty Co.,* 121 Pa. Superior Ct. 516, 184 A. 305, cited by appellant, the facts are also clearly distinguishable from those before us.

The conclusion we have reached is in accord with the general rule now recognized that illness contracted under usual conditions is not accidental and, therefore, the resulting death is not compensable: *Elva Mills v.*

*Susq. Collieries Co.*, 107 Pa. Superior Ct. 432, 164 A. 69; *Poklembo v. Hazle Brook Coal Co.*, 116 Pa. Superior Ct. 532, 176 A. 850; *Wilkins v. McSorley et al.*, 119 Pa. Superior Ct. 442, 179 A. 759.

Judgment affirmed.