(No. 6695.   February 23, 1940.)

HENRY A. HOFFMAN and HAZEL P. HOFFMAN, Husband and Wife, Appellants, v. CONSUMERS WATER COMPANY, a Corporation, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[99 Pac. (2d) 919.]

Delana & Delana, for Appellants.

Clarence L. Hillman, for Respondents.

HOLDEN, J.—Tom Hoffman (a single man about 20 years of age at the time of his death) was intermittently employed by respondent Consumers Water Company from March, 1937, until on or about January 9, 1938. From about the middle of November, 1937, until the time of contracting his fatal illness (typhoid fever) of which he died February 13, 1938, the deceased was employed as a common laborer. His work consisted of cleaning the irrigation ditch of the respondent company in Boise, Idaho. It was an open ditch and during the irrigation season carried Boise River water for irrigating purposes in the city. At the time the deceased contracted the fever there was no live or running water in the ditch. It contained muddy pools of waste water. In the waste water and mud were dead dogs, cats, chickens and fish, garbage from adjacent residences and debris. January 11, 1938, deceased complaned of a severe headache and soreness through his stomach, became seriously ill and quit work. January 19, 1938, he was taken to a hospital. Doctors Fred A. Pittenger

and O. W. Swindell were called in consultation with the family physician, Dr. S. W. Forney, who diagnosed his illness as typhoid fever. Up until the time of his death the deceased lived with his parents Henry A. Hoffman and Hazel P. Hoffman. March 19, 1938, the parents filed a claim for compensation, basing the same upon dependency on the earnings of the deceased. A hearing was had January 26, 1939. March 13, 1939, the board made and filed its findings of fact and entered an order thereon denying compensation. The appeal is from the order.

Doctors Forney, Pittenger and Swindell testified in their opinion "the source of the infection which produced the disease came from the ditch in which the deceased was working." This testimony was not contradicted.

Appellants state, and we think correctly, "the evidence of the case presents but one serious question of fact, and that is, whether or not the Typhoid Fever of which the deceased died was an accidental injury incurred in the course of and arising out of his employment, . . . . a new and novel question in this State, this court never having passed upon the question of whether or not Typhoid Fever was an accidental injury under our Statute."

While we have not passed upon the question as to whether, under our statute, contracting typhoid fever was an accidental injury, we held in *Sonson v. Arbogast et al.,* 60 Ida. 582, 94 Pac. (2d) 672, that contracting streptococcus pneumonia was not. Sonson was employed as a plant man in a dairy, his duties consisting of bringing in milk from the country to the dairy, unloading and weighing it, steaming milk cans, cleaning the pasteurizer, and loading out the milk. He worked "practically about an hour" in the steam room (temperature of about 160 degrees, with live steam hotter); from there he went into the refrigerator room where the temperature was 34 degrees. In the latter place he worked from "thirty minutes to an hour, depending on the amount of milk to be loaded." In the afternoon of August 31, 1938, he became suddenly and acutely ill and suffered from chills; he was taken home by his foreman. The next morning a physician was called and prescribed medicine; that evening Sonson was hospitalized and treated for "streptococcus pneumonia, advanced." It was

contended the contracting of pneumonia constituted, under our statute, an accident arising out of and in the course of Sonson's employment.

In the Sonson case the attending physician testified the streptococcus pneumonia contracted by Sonson was the direct consequence of his work, and that testimony was not contradicted. And, like appellants in the case at bar, Sonson relied upon *Bybee v. Idaho Equity Exchange*, 57 Ida. 396, 65 Pac. (2d) 730; *Wozniak v. Stoner Meat Co.*, 57 Ida. 439, 65 Pac. (2d) 768; *Riley v. Boise City*, 54 Ida. 335, 31 Pac. (2d) 968; *Suren v. Sunshine Min. Co.*, 58 Ida. 101, 70 Pac. (2d) 399. This court said:

''A careful analysis of the cases above cited will disclose that none of them is direct authority for the contention that the attack of streptococcus pneumonia from which appellant suffered was the result of an *accident*. In each of the cases mentioned there was either some noticeable mishap or fortuitous incident of which the employee was conscious and following which injury resulted; or else there was some sudden or manifest change in the conditions or surroundings under which the employee was working constituting the accident. Here nothing of the kind is shown. The conditions under which Sonson was working were the same throughout the entire period of his employment. He performed his work in the same manner from day to day and was conscious of no mishap, hazard, or fortuitous occurrence nor misadventure to him or on his part. Under such circumstances, to say there was an *accident* would be to distort all definitions of the word and do violence to the common understanding of the language used by the legislature in writing sec. 43–1809, I. C. A. See *Moody v. State Highway Dept.*, 56 Ida. 21, 48 Pac. (2d) 1108.

''It is not an easy task for the board or the court to always discern the exact dividing line beyond which an incident or happenstance becomes sufficiently definite and localized as to time, place, and circumstance, that it may be legally designated an *accident*. The difficulty of the task, however, instead of relieving us of the duty, renders it the more imperative that we discharge it with a sound discrimination.

''Examination of the authorities discloses that other courts and boards have deliberated under the same difficulty and

have in some cases held that a disease (pneumonia, for illustration) has under some circumstances resulted from an 'accident' (*Suren v. Sunshine Mining Co.*, 58 Ida. 101, 108, 70 Pac. (2d) 399; *Bybee v. Idaho Equity Exchange*, 57 Ida. 396, 401, 402, 65 Pac. (2d) 730; *Rinehart v. F. M. Stamper Co.*, 227 Mo. App. 653, 55 S. W. (2d) 729, 732; *Pow v. Southern Construction Co.*, 235 Ala. 580, 180 So. 288, 292; *Karp v. West 21st St. Holding Corporation*, 253 App. Div. 851, 1 N. Y. Supp. (2d) 399; *Warner v. Industrial Acc. Com.*, 10 Cal. App. (2d) 375, 51 Pac. (2d) 897; *Roth v. Locust Mountain State Hospital*, 130 Pa. Super. 1, 196 Atl. 924, 926; *Heisler v. Lincoln Realty Co.*, 121 Pa. Super. 516, 184 Atl. 305; *Broch v. Lehigh Valley Coal Co.*, 296 Pa. 502, 146 Atl. 899; *Jones v. Philadelphia & Reading Coal, etc., Co.*, 285 Pa. 317, 132 Atl. 122; *Dupre v. Atlantic Refining Co.*, 98 Conn. 646, 120 Atl. 288; 73 A. L. R. 542; *Alloa Coal Co., Ltd., v. Drylie*, (Scot. S.) 6 B. W. C. C. 398, 404; 20 A. L. R. 70; 71 C. J., sec. 342, p. 592, and sec. 350, p. 597, and cases cited in notes); while under different circumstances it was held not to have resulted from 'accident.' (*Lacy v. Washburn & Williams Co.*, 309 Pa. 574, 164 Atl. 724, 726; *Lanphier v. Air Preheater Corporation*, 278 N. Y. 403, 16 N. E. (2d) 382; *Hoag v. Kansas Independent Laundry Co.*, 113 Kan. 513, 215 Pac. 295; *Doty v. Industrial Accident Fund*, 102 Mont. 511, 59 Pac. (2d) 783; *Allith-Prouty Co. v. Industrial Comm.*, 352 Ill. 78, 185 N. E. 267; *Lerner v. Rump Bros.*, 241 N. Y. 153, 149 N. E. 334; 41 A. L. R. 1122; *Landers v. City of Muskegon*, 196 Mich. 750, 163 N. W. 43, 44, L. R. A. 1918A, 218; *Micale v. Light*, 105 Pa. Super. 399, 161 Atl. 600; *Gibson v. Kuhn Co.*, 105 Pa. Super. 264, 161 Atl. 456; *Peck v. Campbell, Inc.*, 251 App. Div. 914, 297 N. Y. Supp. 670; *D'Oliveri v. Austin, Nichols & Co.*, 211 App. Div. 295, 207 N. Y. Supp. 699; *Lyons v. Woodilee Coal and Coke Co., Ltd.*, (Scot. S.) 9 B. W. C. C. 655.''

In the case at bar there is no evidence whatever the deceased was conscious of mishap, hazard, fortuitous occurrence or misadventure from or by reason of which he sustained an injury; nor is there evidence of an accident resulting in an injury to the deceased which would bring the case at bar within *Reinoehl v. Hamacher Pole Co.*, 51 Ida. 359, 6 Pac.

(2d) 860; *Roe v. Boise Grocery Co.*, 53 Ida. 82, 21 Pac. (2d) 910; *Crowley v. Idaho Industrial Training School*, 53 Ida. 606, 26 Pac. (2d) 180; *Riley v. Boise City*, 54 Ida. 335, 31 Pac. (2d) 968; *Beaver v. Morrison-Knudsen Co.*, 55 Ida. 275, 41 Pac. (2d) 605; *Leach v. Grangeville Highway Dist.*, 55 Ida. 307, 41 Pac. (2d) 618; *Wozniak v. Stoner Meat Co.*, 57 Ida. 439, 65 Pac. (2d) 768. Hence, there is no proof of either an accident or an injury resulting from an accident within the meaning of section 43–1809, I. C. A.

It follows the order of the board must be affirmed, and it is so ordered.

Ailshie, C. J., and Givens, J., concur.

MORGAN, J., Concurring.—While I concur in the conclusion reached, I do not desire to be understood as agreeing to an inference which may be drawn from the language employed in the foregoing opinion. We did not hold, in *Sonson v. Arbogast*, 60 Ida. 582, 94 Pac. (2d) 672, that contracting streptococcus pneumonia is not, in any case, an accidental injury. On the other hand, we pointed out that in some cases such injury had been held to be accidental, and in others not accidental, depending on the circumstances surrounding the contracting of the disease. I do not desire to be understood as holding that either pneumonia or typhoid fever cannot be contracted as a result of accident.

The evidence shows Hoffman's duties, as an employee of the water company, brought him in contact with the water in the ditch under circumstances which, had it been shown to contain typhoid fever germs, would have justified a finding that his employment was the cause of his contracting the disease. The weakness of appellants' case consists in a total failure to show the presence of typhoid fever germs in the water.

I am not in accord with the theory that it is necessary, in order to recover workmen's compensation, for the injured employee to have been "conscious of mishap, hazard, fortuitous occurrence or misadventure from, or by reason of which, he sustained an injury."