(No. 6856.   December 10, 1940.)

ELIZA FOOTE, Widow, and ELIZA FOOTE, as Parent and Guardian of EUGENE BERNARD FOOTE and ELVIRA BLANCHE FOOTE, Minors, Appellant, v. HECLA MINING COMPANY, Respondent.

[108 Pac. (2d) 1030.]

J. Ward Arney and Clay V. Spear, for Appellant.

Chas. E. Horning, for Respondent.

GIVENS, J.—E. B. Foote, miner, was employed as such in the Hercules Mine in Shoshone County from about 1923 to 1925 and in the Hecla Mine from then to April 30, 1937, when because of advanced silicosis from which he was then suffering he was unable to continue work as a miner, he ceased such employment and until October, 1939, swamped and cut logs. From the latter date, when he was unable to perform such arduous labor, he went on W. P. A. until November, 1939, when he was completely disabled by silicosis and confined thereby to his bed until his death therefrom January 12, 1940.

The evidence clearly shows that when Mr. Foote ceased working for the Hecla he was suffering from silicosis grade 2 plus as diagnosed by Dr. Smith, one of the doctors employed

by respondent, and was then advised to take hospitalization therefor at Edgecliff Sanitarium, which treatment Mr. Foote declined.

Application was made by his widow, Eliza Foote, for herself and as guardian of their minor children, for compensation which was denied by the board on this finding:

"That the said E. B. Foote died on January 12, 1940 as a result of silicosis acquired by him while he was in the employ of the said Hecla Mining Company, as aforesaid; that the silicosis, as a result of which the said E. B. Foote died, was an occupational disease and was not the result of any personal injury by accident, and was not the result of, and was not caused by, any negligence or lack of care by or upon the part of said Hecla Mining Company, but that the same was the result of conditions which were inherent in said employment."

Between the antipodes of silicosis as an occupational disease and its accidental contraction (*Brown v. St. Joseph Lead Co.*, 60 Ida. 49, 87 Pac. (2d) 1000; *In re Nixon*, 60 Ida. 64, 87 Pac. (2d) 1007) or climax (*Beaver v. Morrison-Knudsen Co.*, 55 Ida. 275, 41 Pac. (2d) 605) is a zone wherein, depending on the particular circumstances of the case and accidental features, or the absence thereof, affliction from silicosis will or will not, under sections 43–1001 and 43–1810, I. C. A., justify compensation. See special concurrence in *Hoffman v. Consumers Water Co.*, 61 Ida. 226, 231, 99 Pac. (2d) 919, 921.

The circumstances of this case are to be determined as the law stood prior to the adoption of the occupational disease statute, embracing silicosis, chapter 161, 1939 Session Laws, page 286.

The Brown and Nixon cases, *supra,* held silicosis to have therein been accidentally contracted because of the employer's criminal violation of the statutes requiring the use of wet drills, and the employees' forced use of dry drills; that is, the evidence failed to show that in spite of the use of the equipment required by law, silicosis would nevertheless have been so inherent in the industry that it could not have been by reasonable, i. e., statutory, means prevented.

The factual showing herein as to the furnishing and use of drills is at complete variance with the above supporting

premise and there was no sudden "blowing up" due to lethal, latent or dormant tuberculosis, or otherwise, as in *Beaver v. Morrison-Knudsen Co., supra.*

The board was therefore justified in finding and concluding that under the circumstances herein death was caused by an occupational disease and not an accidental inception, progression or conclusion thereof. (*Sonson v. Arbogast,* 60 Ida. 582, 94 Pac. (2d) 672; *Hoffman v. Consumers Water Co., supra; Pace, Rainer & Pace v. Robertson,* 186 Okl. 406, 98 Pac. (2d) 46.)

This disposition of the case renders unnecessary a consideration of the statute of limitations as raised.

The order of the board is affirmed.

Ailshie, C. J., and Holden and Morgan, JJ., concur.

Budge, J., deeming himself disqualified did not sit at the hearing or participate in the opinion.