Moyer, Appellant, *v.* Union Boiler Manufacturing Co.

Argued December 11, 1942.

Before BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Harvey B. Lutz,* with him *Joseph M. Hill,* for appellant.

*Eugene D. Siegrist,* for appellee.

OPINION BY STADTFELD, J., February 1, 1943:

This is an appeal by the claimant from an order of the Court of Common Pleas of Lebanon County affirming an order of disallowance entered by the Workmen's Compensation Board and referee and entering judgment in favor of the defendant on the theory that the

death of claimant's husband from pneumonia was not the result of an accident sustained in the course of his employment with the Union Boiler Manufacturing Company, defendant. HENRY, P. J., delivered the opinion.

The deceased, Joseph Moyer, was last employed by the defendant company on September 15, 1937. He ceased work in the afternoon of September 15 due to illness, returned home, stayed in bed for a period of about ten days, was removed to the hospital and died of lobar pneumonia on the 27th of September.

The claimant, Ethel Irene Moyer, filed a claim petition on her own behalf and on behalf of her minor children, claiming that her husband's death was the result of an accident sustained while in the course of his employment with defendant company. On August 3, 1938, the referee, after hearing the testimony of both sides, entered an order disallowing compensation after finding that decedent's death was not of accidental origin.

No appeal was taken from this order of disallowance but on December 29, 1938, claimant filed a petition for a rehearing under Section 426 of the Act of June 2, 1915, P. L. 736, as amended, which rehearing was allowed and the matter remanded to the referee for further hearing. Additional testimony was taken and the referee, on September 22, 1939, again disallowed compensation. Claimant then appealed to the Workmen's Compensation Board and to the Court of Common Pleas of Lebanon County, the order of disallowance of the referee being affirmed in both instances. This appeal followed.

The board without making any detailed findings of fact, affirmed the findings of the referee and his conclusions of law. We quote from its opinion as follows: "The deceased, Joseph Moyer, was employed as an electric welder by the defendant, Union Boiler Manufacturing Company. On September 15, 1937, he was engaged

in welding the inside of a buoy during the course of the morning, and at approximately 1:30 P.M. that day, he was transferred to the outside to do some welding on a truck which could not be brought inside. The claimant, Ethel Irene Moyer, in her petition avers that the deceased, having been subjected to the heat and fumes within the buoy, contracted pneumonia from the sudden exposure to wind, rain, and cold on the outside so that his subsequent death from pneumonia was a compensable accident within the meaning of the Workmen's Compensation Act. After an original hearing and rehearing, the Referee found that the death was not an accident within the meaning of the Act and the claimant was not entitled to compensation.

"The sole question presented for our consideration is whether the claimant has sustained the burden of proof resting upon her to prove an accident.

"The claimant has placed much stress on the question of whether the deceased was in the rain that day. We are of the opinion that the controlling point is not whether he was in the rain, but whether, under all the facts of the case, there was an element of accident in the occurrence ......

"In the present case, the foreman testified that to repair trucks and do other outside work was one of the 'customary' duties of the deceased and this work was generally done outside—in the open.

"The deceased in the case under consideration was always subject to temperatures higher than normal due to the character of his work. He was also subject to changes in temperature as he was required to work both inside and outside the plant during the regular course of his employment. We do not believe that the testimony shows such an unusual occurrence or extreme exposure as to constitute an accident under the authority above expressed. We have carefully reviewed the entire record, and the authorities cited by counsel in their briefs, and we are of the opinion that the order

of dismissal entered by the referee was fully warranted by the evidence produced."

The only exception of appellant to the action of the board is that "the learned board erred as a matter of law in its finding that the claimant failed to meet the burden of proof resting upon her to prove an accident as contemplated under the Workmen's Compensation Act."

We have carefully examined the entire record and find that the testimony fully supports the findings of the referee and the board.

The only question before this court is whether there was an accident resulting in the death of Joseph Moyer as contemplated under the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended. The burden of so proving is admittedly on the claimant: *Seitzinger v. Ft. Pitt Brewing Co.*, 294 Pa. 253, 144 A. 79; *McMahon v. Edw. G. Budd Mfg. Co.*, 108 Pa. Superior Ct. 235, 164 A. 850.

In *Mauchline v. State Ins. Fund*, 279 Pa. 524, 526, 124 A. 168, the court said: "To be an accident, within the workmen's compensation law, the injury must usually result from some undesigned event occuring at a particular time." In *Gausman v. R. T. Pearson Co.*, 284 Pa. 348, 131 A. 247, at 254, the court said: "To constitute an accident, there must be some untoward occurrence aside from the usual course of events."

With particular reference to pneumonia resulting from exposure, it has been held that when pneumonia is contracted by exposure to cold or water, *under conditions which usually prevail*, the general rule is that it is not compensable. *Mills v. Susquehanna Collieries Company*, 107 Pa. Superior Ct. 432, 164 A. 69; *Poklembo v. Hazle Brook Coal Co.*, 116 Pa. Superior Ct. 532, 176 A. 850.

On the other hand, if one is exposed in the course of his employment to *unusual conditions* and pneumonia results therefrom, there is an accidental injury. *Jones*

*v. Phila. & Reading C. & I. Co.*, 285 Pa. 317, 132 A. 122; *Roth v. Locust Mt. State Hospital*, 130 Pa. Superior Ct. 1, 196 A. 924; *Mazza v. Kensington Water Company*, 133 Pa. Superior Ct. 559, 3 A. 2d 282.

In the Mazza case, supra, the court stated on page 562: "In all of the cases cited where compensation was denied, the exposure to water and dampness was in the *usual course of employment without extraordinary circumstances* and hence not accidental, while in the cases cited where the injury was held compensable 'the wetting which caused the chill and preceded the pneumonia culminating in death (or other injury) was the result of *extraordinary exposure to wet and cold, not usually or customarily happening in the course of employment,* and therefore accidental': *Poklembo v. Hazle Brook Coal Co.*, supra, p. 534." (Italics supplied)

As to the weather conditions: The referee found as a fact: "The Weather Bureau is located at 13th and Cumberland Streets, Lebanon, Pa., and the Defendant's Plant is on North 4th Street, Lebanon, Pa. This record shows the temperature on September 15, 1937, to have been 45 degrees minimum and 80 degrees maximum. According to this record also there was no precipitation in Lebanon, Pa., or vicinity on September 14th or 15th, 1937."

The records of the United States Weather Bureau at Lebanon showed no precipitation on September 15, 1937, at a place less than a mile distant from the plant of the defendant. The weight of this testimony was for the fact-finding authorities, in connection with the other testimony.

It cannot make any difference whether the greater or lesser part of the work was performed inside of the building. Decedent was habitually in or out of the building. There was no emergency—there was no accident in the usual sense of the term requiring his presence on the outside, or in connection with his presence

on the outside. He merely went from one part of his work to another.

The testimony of J. A. Weaber, Jr., manager of defendant company's plant, shows that the plant had 35 or 36 employes. Decedent worked on that day in welding buoys. The welding of buoys was a "continuous job" and thus not anything unusual. Buoys were a product of the plant, and the contract on hand was sizeable.

As to the general routine of decedent's work, Mr. Weaber testified that decedent had been engaged to do general welding work on flat plates and in closed vessels; that for several days prior to September 15, 1937, decedent had been doing "inside welding" which constituted about seventy-five per cent of his work and that the remainder of his work consisted of welding on the outside of vessels; and that while doing inside welding, decedent had been exposed to the fumes of the process. Mr. Horn, decedent's foreman, testified that it was not unusual for decedent or other welders to work on the outside as well as on the inside of vessels.

The medical experts called by claimant testified to a chill, following a change of temperature and nothing else; they expressed the opinion that the decedent caught pneumonia and died by reason of his working on the outside, on the truck, under the circumstances.

After a careful examination and consideration of the testimony we are of the opinion that it does not establish an "accident" as contemplated under the workmen's compensation law.

The board cited in its opinion the case of *Gibson v. Frank Kuhn et al.,* 105 Pa. Superior Ct. 264, 161 A. 456. Quoting from that case: "This man's employment was repairman in connection with his duties as engineer. He, of course, had to go wherever his duties called him. If, in the course of his employment, he was wetted by a rain there is no element of accident in the

occurrence. It would be likely to occur in the usual course of events."

In *Lacey v. Washburn & Williams Co.,* 309 Pa. 574, 164 A. 724, an employe, engaged as a carpenter, contracted pneumonia as a result of working for over an hour in the refrigerating room of an ice cream company, a customer of his employer, and death ensued. It was held that the death was not caused by an accident within the meaning of the Workmen's Compensation Act.

Quoting from the opinion of Mr. Justice DREW, p. 580: "The rule deducible from our decisions limits the right to recover compensation to cases where injury or death is due to some unexpected or fortuitous event. From what has been said, we think it can readily be understood that the exposure which caused the death in the instant case was not an accident—as that word is used in our Compensation Act. The chill from which the death resulted, contracted while working for an hour in a refrigerator where the temperature was from 10 to 20 degrees below zero, was not the consequence of a sudden and unexpected event which took place without expectation, a mere chance or contingency. It was not the result of an untoward occurrence, not expected or designed, a mishap or fortuitous happening, aside from the usual course of events. Quite the contrary, it was a natural and usual consequence of his entering and remaining so long in such a place. From the foregoing, it is obvious that the judgment entered below must be reversed."

In the case of *Parks v. Miller Printing Machine Company,* 336 Pa. 455, 9 A. 2d 742, Mr. Justice STERN has considered and classified the pneumonia case into four classes. The court below held the instant case came under the "fourth" group and not entitled to compensation.

In the case of *Mills v. Susquehanna Collieries Co.,* supra, the syllabus sets forth the following: "In a claim

for compensation under the Workmen's Compensation Act, there was evidence that the claimant's husband after working in the defendant's mine went to an elevator. There were more men waiting for it than could be accommodated and the claimant's husband had to wait about five minutes for its return. The claimant's husband was perspiring and while waiting for the elevator he felt a draft and 'took a chill.' Shortly thereafter he became ill and died of lobar pneumonia. There was no evidence, however, that a draft is an unusual occurrence in a coal mine, or that the draft to which the decedent was exposed was an unusual draft. In such case, the decedent's death was not the result of an 'accident' within the meaning of the Workmen's Compensation Act and the order of the court below sustaining the award of compensation to the claimant will be reversed."

The court said, inter alia.: "The exposure must be extraordinary. In the case before us there was no evidence that a draft is an unusual occurrence in a coal mine, or that the draft to which the decedent was exposed was an unusual draft, or that the exposure to the draft at the bottom of the elevator was unusual, and not experienced generally and usually by all who were about to enter the elevator."

In the case of *Biglin v. Penna. Dept. of Labor and Industry,* 133 Pa. Superior Ct. 221, 2 A. 2d 514, the decedent was employed as an investigator by a state department and was assigned to distribute pamphlets and to give information at a housing exhibition, and then allegedly took a chill, got pneumonia and died because of a drafty booth in the lobby of a hotel. In the opinion of BALDRIGE, J., it is set forth: "It can only be concluded that his illness was the natural and probable result of a voluntary exposure to drafts of hot and cold air."

Claimant had the burden of showing both an accident in the course of her husband's employment and a

resulting injury: *Adamchick v. Wyoming Valley Collieries,* 332 Pa. 401, 3 A. 2d 377.

We are of the opinion that the case was correctly decided by the court below.

Judgment affirmed.