In the Matter of the Claim of DELIA LANPHIER, Respondent, against AIR PREHEATER CORPORATION et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Argued May 18, 1938; decided July 7, 1938.

*Raymond F. Nichols* for appellants.  The death of the employee was not caused by an accidental injury within the provisions of the Workmen's Compensation Law. (Cons. Laws, ch. 60.)  (*Matter of Lerner* v. *Rump Bros.,*

241 N. Y. 153; *Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; 233 N. Y. 535; *Matter of Doulin* v. *City of Saratoga Springs*, 236 App. Div. 749; 261 N. Y. 558; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *D'Oliveri* v. *Austin, Nichols & Co.*, 211 App. Div. 295.)

*John J. Bennett, Jr., Attorney-General* (*Leon Freedman* of counsel), for State Industrial Board, respondent. The injuries sustained by the deceased and which resulted in his death were accidental injuries arising out of and in the course of his employment. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Christian* v. *State Conservation Comm.*, 191 App. Div. 635; *Matter of Rist* v. *Larkin & Sangster*, 171 App. Div. 71; *D'Oliveri* v. *Austin, Nichols & Co.*, 211 App. Div. 295; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Campbell* v. *Clausen-Flanagan Brewery*, 183 App. Div. 499; *Matter of Murray* v. *Cummings Const. Co.*, 197 App. Div. 903; 232 N. Y. 507; *Hernon* v. *Holahan*, 182 App. Div. 126; *Days* v. *Trimmer & Sons, Inc.*, 176 App. Div. 124; *Quick* v. *Illston Ice Co.*, 195 App. Div. 676; *Matter of Kern* v. *Premier Coal Saving Device Corp.*, 246 App. Div. 661; *Matter of Hocke* v. *Emdee Management Corp.*, 245 App. Div. 882; 269 N. Y. 592.)

*Noel S. Symons* for claimant, respondent. Deceased's death was caused by an accident within the purview of the Workmen's Compensation Law. (*Cole* v. *Watson* [1915], App. Cas. 1; *Rist* v. *Larkin & Sangster*, 171 App. Div. 71; *Cook* v. *International Paper Co.*, 244 App. Div. 849; *Hocke* v. *Emdee Management Corp.*, 269 N. Y. 592; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Matter of Katz* v. *Kadans & Co.*, 232 N. Y. 420; *Matter of Madura* v. *City of New York*, 238 N. Y. 214; *Matter of Lurye* v. *Stern Brothers Dept. Store*, 275 N. Y. 182; *Baltimore & Ohio Ry. Co.* v. *Clark*, 59 Fed. Rep. [2d] 595; *Ismay, Imre Co.* v. *Williamson* [1908], A. C. 437; *Walsh* v. *River Spinning Co.*, 41 R. I. 490; *Zacharie* v.

*Interborough R. T. Co.*, 211 App. Div. 828; *Matter of Hughes* v. *St. Patrick's Cathedral*, 245 N. Y. 201; *Ford Motor Co.* v. *Hunter*, 199 N. E. Rep. 85.)

*Per Curiam.* The State Industrial Board has found that on December 24, 1934, while W. J. Lanphier " was engaged in the regular course of his employment and while working for his employer, repairing and installing a preheater at Belle, West Virginia, he was required to work in a closed preheater, which subjected him to an abnormal temperature of about 150° F. and as a result of which exposure he became drenched with perspiration and sustained a chill, which resulted in lobar pneumonia, causing his death on January 1, 1935. The death of the said W. J. Lanphier was the natural and unavoidable result of the accidental injuries sustained by him on December 24, 1934, and their resultant effects."

Pneumonia is a disease for which, under the Workmen's Compensation Law (Cons. Laws, ch. 67), compensation may be awarded only when it is the result of an acc·dental injury. The inception of the disease must be assignable to something " catastrophic or extraordinary." A chill resulting from exposure to conditions which are normal in the conduct of the business in which the workman is employed, though followed by pneumonia, is not an accidental injury. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153.)

The job on which the deceased was working was what is known as a " reconditioning job." On a " construction iob " the temperatures are not very high. On a " reconditioning job " the workmen are frequently exposed to great heat and perspire profusely. The deceased knew that while working in a closed preheater the heat was great. He had previously told his wife that the temperature at the plant where he was working was at times between 130° and 150°. The heat on the day when the deceased suffered the chill was perhaps a little greater than usual, but there is nothing in the evidence which

suggests that the difference was significant. The need for repairing the preheater may have arisen from an accidental happening, but the work in which the deceased was employed included repairing or reconditioning preheaters. He was exposed to this great heat because he accepted employment which would normally include repair jobs where the heat would be great. That circumstance distinguishes this case from the case of *Matter of Hocke* v. *Emdee Management Corp.* (245 App. Div. 882; affd., 269 N. Y. 592), where through an unexpected accident a superintendent of an apartment house was compelled to enter a room filled with steam from a valve which had accidentally become defective. Exposure of a superintendent of an apartment house to such conditions created by accident is extraordinary and may be regarded as an accident. Exposure of a workman to such conditions, though created by accident, cannot be regarded as accidental where the workman is employed to work under similar conditions, however arising. (Cf. *Matter of Doulin* v. *City of Saratoga Springs*, 236 App. Div. 749; affd., 261 N. Y. 558.)

The order of the Appellate Division and the award of the State Industrial Board should be reversed and the matter remitted to the State Industrial Board for a new hearing, without costs.

FINCH, J. (dissenting). In view of the finding of the State Industrial Board that the death of the husband of claimant resulted from an accidental injury in the course of his employment, based upon the evidence and the reasonable inferences therefrom, the award should be affirmed.

It is true that decedent had been working on a reconditioning job; but the evidence is that all these preheaters had been reconditioned, and all the fires started, when a breakdown occurred in the fire box of the boiler in the nature of an explosion or bursting of a tube, which threw the fan of one of the preheaters out of alignment, causing

an almost immediate heating of the bearings and considerable vibration. Under the circumstances, decedent could not wait for the machine to cool off. While the exposure and excessive heat were exceptional, and prevented workmen from remaining for more than a few minutes, it is a fair inference that decedent was compelled to stay longer, since he did not stop until nearly the end of the day. An erecting engineer, employed on the same work, testified that it was unusual to have to go into a machine under such an extreme temperature as this one. In addition, the boiler settings leaked, causing soot to be blown into the room instead of up the stacks. As a direct result of this occurrence, the decedent contracted lobar pneumonia, which resulted in his death in a few days. There is evidence that when the decedent emerged from the machine, his face was very red and he at once complained of illness. The State Industrial Board granted an award to the widow, and the Appellate Division has affirmed.

There can be no doubt that the illness arose out of and in the course of the employment of decedent. Was it an accidental injury?

It is true that this workman performed repair jobs as part of his accustomed work, but the evidence here shows that the conditions under which he was compelled to perform this repair work were not due to normal conditions even in repair work but to the happening of an accident. Thus in *Matter of Hocke* v. *Emdee Management Corp.* (245 App. Div. 882; affd., 269 N. Y. 592), where through an accident the superintendent of an apartment house was compelled to enter a room filled with steam escaping from a valve which had accidentally become defective, an award was sustained. The exposure of the superintendent of this apartment house to such conditions created by an accident was no more extraordinary than the exposure of this decedent because of an accidental happening. In *Matter of Robbins* v. *Enterprise Oil Co.* (252 App. Div. 904; affd., 278 N. Y. 611) the

decedent contracted pneumonia as the result of being exposed to a draft while lying on the cement floor of a garage where he was employed, in the course of repairing an automobile. The occurrence of drafts in this garage was not unusual, and it would seem that the circumstances diverged from the normal less than those in the case at bar.

Thus we have in the case at bar evidence to support the finding that the contracting of the disease was due to a cause catastrophic and sudden, and assignable to a determinate act identifiable in space and time, and that it arose from conditions other than normal, even in repair work.

The order of the Appellate Division and the award of the State Industrial Board should be affirmed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur in *per curiam* opinion; FINCH, J., dissents in opinion in which RIPPEY, J., concurs.

Ordered accordingly.