DEBORAH LAGOWITZ, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.— Action for a declaratory judgment that defendants are obligated by the terms of a policy of public liability issued by it to the plaintiff, to pay certain judgments obtained against plaintiff and also for certain legal services and disbursements necessitated in the defense of the actions which resulted in the judgments. Judgment for costs in favor of defendant as if the complaint were dismissed, reversed, on the law, with costs, and judgment directed in favor of the plaintiffs for the relief demanded in the amended and supplemental complaint, with costs. The injuries suffered by the Henry family are assignable to a determinate or single act which is identifiable in space or time. The bursting of the steam pipe constitutes the determinate or single act or accident to which the injuries are assignable. It was " something catastrophic or extraordinary, a mishap or an accident." There can be no distinction in principle between the facts in *Matter of Hocke* v. *Emdee Management Corp.* (269 N. Y. 592) and those in the case at bar. In both cases an accident occurred — in one a pressure valve blew off, and in the other a pipe burst. In both steam was emitted. In one a superintendent of a building suffered injury as a consequence of the steam thus emitted. In the other a jury has said the members of a tenant's family suffered similar injuries as a result of the emission of the steam. In both there was an appreciable lapse of time between the happening of the accident and the suffering from the effects of the steam. In both the individuals suffering the effect were not normally exposed to such steam or atmospheric conditions, as in the case of *Matter of Lanphier* v. *Air Preheater Corp.* (278 N. Y. 403). The consequences ensuing from the accident, therefore, in the case of each individual involved, constituted " bodily injury  *  *  *  accidentally suffered or alleged to have been suffered by any person " within the meaning of the language of the policy issued by defendant to plaintiff. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.