# Watson v. Lehigh Coal & Navigation Co., Appellant.

*Workmen's compensation—Appeals—Review—Evidence—Death —Medical opinion—Causal connection between injury and disease.*

1. On an appeal in a workmen's compensation case, the inquiry of the appellate court as to the disputed fact is limited to the determination of whether there is sufficient competent evidence to support it. If justified, the legal conclusion of liability follows.

2. Where a workman dies within three hundred weeks of the accident "from such violence and its resultant effects," the employer is liable.

3. That death does not occur for a considerable time after the accident, though an important factor to be considered by the one giving an opinion as to the cause, is not conclusive that it resulted from other than the injury.

4. An award in favor of a widow of a workman who died of tubercular peritonitis will be sustained, where the appellate court finds there was sufficient competent testimony to support a finding that a resultant condition of a sprained ankle lowered the power of resistance of the deceased, who was tuberculous at the time of the accident.

Argued February 14, 1922. Appeal, No. 261, Jan. T., 1922, by defendant, from judgment of C. P. Schuylkill Co., July T., 1921, No. 78, sustaining award of Workmen's Compensation Board on hearing de novo, in case of Mrs. John Watson (Mary Watson) v. Lehigh Coal & Navigation Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board on hearing de novo. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Award affirmed. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Geo. M. Roads,* with him *F. S. Riordan, P. B. Roads* and *William Jay Turner,* for appellant, cited: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476.

*Roger J. Dever,* for appellee, cited: Stahl v. Watson Coal Co., 268 Pa. 452; Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Zukowsky v. P. & R. C. & I. Co., 270 Pa. 118; Clark v. Coal Co., 264 Pa. 529.

OPINION BY MR. JUSTICE SADLER, March 6, 1922:

On October 17, 1916, John Watson sprained his left ankle while employed in the ordinary business of defendant. For three months he was treated at his home, but, in January, 1917, was removed to a hospital because of an apparent infection of the injured foot. Two operations were performed, and, in June of that year, he was

discharged in an improved condition. Later, the wound became inflamed, and a "hole opened in it," which, however, disappeared upon treatment. The pain continued, and the use of the foot, to any extent, became impossible. From the time of the accident until death, on May 19, 1919, it was necessary for decedent to use crutches, and to refrain from his usual labor. A post-mortem examination revealed a tubercular condition, and a pus cavity was found in the injured ankle bone.

After the injury, a compensation agreement was entered into with defendant company, and the sums stipulated for were paid continuously while Watson lived. The widow made application for a further allowance, and a hearing was had before the referee, who made findings based on evidence presented, and concluded that an award should be made to the claimant. On appeal, the Workmen's Compensation Board was not satisfied with the quality of the testimony upon which the referee depended, and awarded a hearing de novo. Additional evidence was received, and an expert for the board called, who expressed his opinion of the causal connection between the injury described and the death. An appeal was taken from the award made, and the correctness of the ninth finding of fact challenged. This was as follows: "9. The injury sustained by the said John Watson by this accident was violence to the physical structure of his body, and the osteomyelitis which developed was, under the circumstances, a natural result and the condition brought on due to the accident; that is, the ankle condition and the osteomyelitis following so lowered the vital resistance of the said John Watson that a tubercular condition which was in his system at the time of the accident was hastened to development, causing his untimely death on May 19, 1919. The cause of death was tubercular peritonitis, the quick development of which was, under the circumstances, a resultant effect of the violence suffered." On the appeal, this finding was approved by the court below, as were the other conclusions

not the matter of contest. Under the well settled rules (Stahl v. Watson Coal Co., 268 Pa. 452), our inquiry as to the disputed fact is limited to the determination of whether there is sufficient competent evidence to support it. If justified, the legal conclusion of liability follows, for article 3, section 301, par. 2, of the Workmen's Compensation Act, provides in part: "Wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such violence and its resultant effects and occurring within three hundred weeks after the accident." Watson died within that period of time, and, if his decease was attributable to the injury received, his widow is entitled to compensation.

Without reciting in detail the evidence of the doctors called, it is evident that Watson was suffering from disease (though apparently in good health) at the time of the injury, and the immediate cause of his death was tubercular peritonitis. It was hastened, however, by the osteomyelitis which developed in the left ankle. Indeed, the post-mortem examination of the bone showed death might have resulted from the infection of the foot alone, though Waston had not been in bad physical condition. The testimony, particularly of Doctor Blakeslee, called as a witness by the referee, made proper the finding that death followed the quick development of the disease,—a result of the injury which had been sustained. The opinion expressed, as to the causal connection, was definite and not subject to objection on the ground of uncertainty, as was the statement considered in Fink v. Sheldon Axle & Spring Co., 270 Pa. 479, cited by appellant. That death did not occur for a considerable time after the accident, though an important factor to be considered by the one giving an opinion as to the cause, is not conclusive that it resulted from other than the injury: Miller v. Director General of Railroads, 270 Pa. 330. As already noted, the Workmen's Compensation Act fixes the limit within which the death must occur to

entitle dependents to compensation, and Watson did die within the 300-week period. Under the proven facts, an award of compensation to the claimant was justified: Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Zukowsky v. P. & R. C. & I. Co., 270 Pa. 118.

Defendant complains, further, that Doctor Blakeslee's opinion of the causal connection between the injury and the death was based upon conflicting facts, and, therefore, entitled to no weight. An examination of the record shows that the evidence, indicating the character and extent of the injury and the physical condition of the patient subsequently, was not in dispute. The controversy between the experts was as to the significance of the facts proven, one insisting that the testimony showed not only the presence of tubercular peritonitis, but also an infection due "to a specific organism known as streptococci,"—the difference was in the classification of the disease indicated. The conclusion reached by Doctor Blakeslee, an impartial witness. was adopted by the board, and subsequently by the court below on appeal, and in this we see no error.

All of the assignments are overruled and the judgment is affirmed.