# Morgan *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Death—Bronchial pneumonia—Medical opinion—Causal connection between injury and disease.*

1. Where a workman dies of bronchial pneumonia six weeks after an accidental injury, an award for his death will not be sustained, where the deceased's physician will go no further than to say that he thought the injuries were "indirectly responsible" for the pneumonia, although it might possibly have resulted from some other cause.

2. In such cases, there must be a probable, direct relation shown between the injury and the disease resulting in death, otherwise liability would be fixed by surmise.

Argued February 15, 1922. Appeal, No. 279, Jan. T., 1922, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1921, No. 444, sustaining order of Workmen's Compensation Board which affirmed award of referee in favor of claimant in case of Hannah M. Morgan v. Philadelphia & Reading Coal & Iron Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from order of Workmen's Compensation Board. The order was sustained in an opinion by BECHTEL, P. J., KOCH, J., filing a dissenting opinion. Defendant appealed.

*Error assigned,* among others, was decree, quoting it.

*Jno. F. Whalen,* with him *George Ellis,* for appellant, cited: Fink v. Sheldon Axle & Brake Co., 270 Pa. 476.

*Roger J. Dever,* for appellee, cited: Stahl v. Coal Co., 268 Pa. 452; Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22; Zukowsky v. P. & R. C. & I. Co., 270 Pa. 118.

OPINION BY MR. JUSTICE SCHAFFER, March 6, 1922:

On October 1, 1920, the husband of plaintiff, for whose death she claims compensation, sustained some slight injuries, consisting of bruises to his chest, when the team he was driving fell over the edge of a bridge precipitating him into the water and wetting him. He worked the remainder of the day and until about ten o'clock at night. The following day he remained at home and called in a doctor who treated him for a cold. On October 6th, acting on his own judgment and the physician's advice, he resumed work; the testimony of the physician was that he had returned to his normal condition. Deceased continued at his employment until and including October 27th, a period of twenty-two days, when he again called in the doctor, who found pain in his chest, a cough with bronchitis and perhaps a slight pleurisy. The illness

grew increasingly worse, and death resulted, on November 11th, from bronchial pneumonia. The claim for compensation was filed on the ground that death by pneumonia was attributable to the accident on October 1st. The referee allowed the claim, his award was confirmed by the compensation board and by the common pleas on appeal, one of its judges dissenting; from the judgment there entered we have this appeal by defendant.

If the claim is to be upheld, warrant for so doing must be found in the testimony of deceased's physician, Dr. Quinn; there is nothing else in the record to rest it on. When asked whether in his opinion the accident on October 1st caused the bronchial pneumonia, of which deceased died November 11th, six weeks later, he answered, that the injuries then received were "indirectly responsible" for the pneumonia. This could be said of any injury, however slight, which was coincident with certain illnesses or with conditions leading up to them, in the sense that vitality would be lowered, although the injury might have no direct relation to the illness at all. The doctor further testified, the development of pneumonia is of short duration, that the form of the disease his patient had, was bronchial pneumonia, which is not due to traumatism, that traumatic pneumonia would develop within a very short time after any injury which caused it, that the pneumonia was not caused by the bruise to the chest but "was secondary to his bronchitis and pleurisy" and that he thought "the pleurisy was brought on indirectly from the blow in his chest." The doctor had not seen the deceased for three weeks after he had gone back to work, and admitted the pneumonia might possibly have resulted from some cause other than the injuries, that he could not say it had not, but expressed the opinion, "I think it was indirectly due to his bruise of the chest, considering the condition of the man previous to his injury." As was pointed out in the dissenting opinion of Judge Koch in the court below, "The doctor is by no means positive of any opinion connecting the accident with the man's death. He does not say it is

a case of traumatic pneumonia or traumatic pleurisy from which the pneumonia resulted. He only thinks that 'indirectly' the accident had something to do with the man's final taking off." The testimony did not support the conclusion that the pneumonia was traceable back to the accident as a natural result therefrom.

Dumbluskey v. P. & R. C. & I. Co., 270 Pa. 22, is a case where death was due to pneumonia, and in which compensation was awarded, but there the family doctor testified the injury received by the deceased caused traumatic pleurisy, which later developed into pneumonia, and thus the direct relation between the compensible cause and death was established; in the instant case no direct relation whatever was shown. In Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, we said, speaking through the present Chief Justice, "It is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause or that the one could have brought about the other; they must go further and testify at least that taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged." The testimony in that case was that paralysis "could be due to a blow on the head," and we determined, this was not enough to justify or support a finding that the blow or jar testified to caused the paralysis. In the instant case, the testimony relied on to establish a relation between the injury and death is not even as strong as it was in the case just cited, here all that appears is that the injuries were "indirectly responsible" for the pneumonia; this amounts to no more than saying it "might have resulted," which we held in the Fink Case is not sufficient. In cases such as this, there must be a probable, direct relation shown between the injury and the disease resulting in death, otherwise liability would be fixed by surmise. No such direct relation appears by the record before us.

The judgment of the court below is reversed and is here entered for defendant.