Williams, Appellant, *v.* Susquehanna Collieries Company.

Argued March 11, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Roger J. Dever,* for appellant.

*Henry A. Gordon,* for appellee.

OPINION BY RHODES, J., April 22, 1942:

In this workmen's compensation case the only question involved is whether the findings of fact of the compensation authorities are supported by competent and substantial evidence. Henry Williams was accidentally injured in the course of his employment with defendant on November 17, 1931, and an agreement was executed by the employer and the employee, and compensation for total disability paid until his death on December 3, 1934. His widow, the claimant, then filed a claim for compensation; the referee made an award; the Workmen's Compensation Board remanded the record for the appointment of an impartial medical expert; the referee after taking his testimony again made an award; the board affirmed the findings of fact, conclusions of law, and the award of the referee; on appeal by defendant the court of common pleas reversed the award and entered judgment for defendant; the claimant has appealed to this court.

The referee's fifth finding of fact affirmed by the board was: "Decedent's accidental injury of November 17, 1931, was a marked contributory factor in his death on December 3, 1934." Whether such connection between the deceased's injury and death was established depends upon the expert medical testimony.

Deceased's injury on November 17, 1931, consisted of multiple fractures of the pelvis and a posterior dislocation of the left femur. He did not work thereafter; he lost weight, and was eventually confined to his bed. A post mortem examination was made, and the autopsy report stated: "The cause of death was found to be: Acute cardiac failure due to a chronic myocarditis and coronary sclerosis. Contributory causes being marked anthracosis of the lungs and an abscess of the upper right lung."

At the hearing before the referee two doctors were

called by claimant to testify, and three were called by defendant. Their testimony was conflicting, and the board, apparently being of the opinion that the testimony of claimant's experts supported the referee's findings while that of defendant's experts would not, remanded the proceeding to the referee for the purpose of appointing an impartial medical expert, and taking his testimony as to the connection between deceased's injury and death. After hearing this testimony, the referee reaffirmed his findings of fact in which he found that the accidental injuries were a marked contributory factor in the death of deceased.

If there was competent and substantial evidence in the record sufficient to support the referee's fifth finding of fact, affirmed by the board, it was the duty of the court below to affirm the award and enter judgment on it. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51.

Dr. H. A. Schaeffer, who was called by plaintiff, in reply to the question whether or not in his opinion the accident which deceased sustained on November 17, 1931, was a marked contributory factor in his death, said: "I think it was." This amounts to an assertion of his professional opinion. *Jones v. Philadelphia & Reading Coal & Iron Co.*, 285 Pa. 317, 319, 132 A. 122; *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 271, 3 A. 2d 995. It is unnecessary to give in detail the doctor's testimony and the technical reasons for his professional opinion. His definite opinion stands on the record, and, although challenged by defendant's experts, it is not for the courts to say which opinion should have been accepted and adopted by the compensation authorities. It may be pertinent to add that Dr. Schaeffer also testified that the lung abscess came from deceased's injury, and that the chronic myocarditis and coronary sclerosis, primary causes of death, were aggravated by this injury to such an extent that they resulted in his death.

Unequivocal expert medical testimony that an injury is a marked contributory factor in an employee's subsequent death, or that such injury so aggravated a pre-existing condition that it accelerated his death is sufficient to establish the requisite relation or connection between the injury and the death, and meets the requirements prescribed in the decisions of our Supreme Court and of this court. *Dopkin v. Philadelphia & Reading Coal & Iron Co.,* 296 Pa. 71, 73, 145 A. 707; *Vorbnoff v. Mesta Machine Co. et al.,* 286 Pa. 199, 206, 133 A. 256; *Elonis v. Lytle Coal Co.,* supra, p. 271; *Kazeroski v. Susquehanna Collieries Co.,* 127 Pa. Superior Ct. 259, 263, 193 A. 356. The testimony of Dr. Schaeffer supported the material finding, and warranted the referee and board, as the finders of the facts, in making an award in favor of claimant.

Dr. Fred R. Perfect, called by claimant, testified: "I believe the injury shortened his [deceased's] life."

The impartial expert, Dr. Virgil H. Moon, testified, in part, as follows: "Although his death was due directly to arteriosclerosis involving the coronary arteries and therefore heart failure which would not be a condition directly attributable to the accident, nevertheless one has the feeling that an injury of that extent in a man of his age while I can't say that it directly contributed to his death I believe that we can logically assume that it shortened his life." We have no doubt that this testimony standing alone would not be sufficient to sustain an award in this case. But it would not require the board, as the final fact-finding body, to disregard the positive testimony of Dr. Schaeffer *(Jones v. United Iron & Metal Co.,* 99 Pa. Superior Ct. 394, 403), and it cannot be said to be entirely contradictory to that of the latter. The board in its opinion appraised Dr. Moon's testimony thus: "The only possible interpretation that we can give to this statement of the doctor is that while he did not believe the accident itself was the direct cause of the heart failure of which the

[deceased] died, it was his belief (and therefore opinion) that the accident and its resultant injury 'shortened his life.' "

The issue in this case was one of fact, and it is not for us, and it was not for the court below, to weigh the conflicting testimony of the medical witnesses. *Johnson v. Valvoline Oil Co. et al.,* 131 Pa. Superior Ct. 266, 278, 200 A. 224. The credibility and weight of testimony of one who qualifies as an expert is not reviewable as a matter of law. *Russell v. Scott Paper Co. et al.,* 140 Pa. Superior Ct. 84, 90, 13 A. 2d 81. The board in the exercise of the power exclusively committed to it may accept or reject the testimony of any witness, and its findings of fact are conclusive if there is competent and substantial evidence in the record sufficient to support them. *Baumeister v. Baugh & Sons Co. et al.,* 142 Pa. Superior Ct. 346, 350, 16 A. 2d 424.

Although deceased's death followed a remote accidental injury, those cases [1] which hold that where the effect of an injury is merely to lower an employee's vitality and resistance, and thereby make him more susceptible to infection and less able to combat disease, do not rule the case before us.

We are of the opinion that the testimony to which we have referred was clearly sufficient in quality and quantity to support the findings and the award in this case.

The judgment of the court below is reversed, and the record is remitted with direction that judgment be entered on the award in favor of claimant and against defendant.

---

[1] *Anderson v. Baxter et al.,* 285 Pa. 443, 132 A. 358; *Morgan v. Philadelphia & Reading Coal & Iron Co.,* 273 Pa. 255, 116 A. 891; *Bunnell v. State Workmen's Insurance Fund et al.,* 124 Pa. Superior Ct. 171, 188 A. 411; *Parzuhoski v. Pittsburgh Terminal Coal Corp.,* 140 Pa. Superior Ct. 179, 13 A. 2d 879; *Olsweski v. Lehigh Navigation Coal Co.,* 145 Pa. Superior Ct. 193, 20 A. 2d 874.