## Smith *v.* William Hodges & Company et al., Appellants.

Argued September 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Paul H. Ferguson,* with him *G. Mason Owlett,* for appellants.

*George H. Detweiler,* for appellee.

OPINION BY BALDRIGE, J., November 11, 1942:

The claimant filed a petition seeking compensation for herself and her minor child alleging that her husband's death, which occurred on June 5, 1938, was the result of burns accidentally sustained January 18, 1938, in the course of his employment with William Hodges and Company. An answer was filed denying any relationship between the burns and death. Concededly the cause of death was subacute bacterial endocarditis, the bacteria being streptococcus viridans. After hearings were had the referee filed his findings which included the following: "3. That the burns sustained by the claimant's decedent on January 18, 1938, resulted in lowering the resistance of claimant's decedent, thereby rendering his body more fertile ground for the streptococci infection which caused his death on June 5, 1938." From this finding the referee concluded as a matter of law that a causal relationship existed between the burns and the death of the decedent and accordingly awarded compensation.

The appellants assert that this legal conclusion is not supported by the facts found. We concede that the mere finding that a decedent's resistance is lowered making him more susceptible to infection is not sufficient to support an award. There must be a direct expression of professional opinion that death was in fact the result of an accidental injury: *Bunnell v. State Workmen's Insurance Fund et al.*, 124 Pa. Superior Ct. 171, 188 A. 411; *Olsweski v. Lehigh Navigation Coal Co.*, 145 Pa. Superior Ct. 193, 20 A. 2d 874; *Bannon v. City of Pittsburgh*, 145 Pa. Superior Ct. 201, 21 A. 2d 500. It is stated in *Anderson v. Baxter*, 285 Pa. 443, 445, 447, 448, 132 A. 358, that to be compensable under the statute the injury must be the direct or superinducing cause of the death or disability in question. "It cannot be affirmed that whatever lowers a man's vitality is responsible for any disease which may come upon him."

An appeal followed from the referee's findings and conclusions of law to the board. The board in its opinion stated "In summarizing the medical testimony, the board finds that all of the medical witnesses are in accord as to the type of infection which spread through the blood stream of the decedent, and as to the immediate cause of death ...... Although it is clearly apparent that the diametrically opposed views, as to the relationship which the accident bore to the ultimate death of the decedent, expressed by the various physicians are incapable of reconciliation, the board is of the opinion that the unequivocal opinion of Dr. Lueders, that such causal connection did exist, is sufficient to sustain the referee's third finding of fact, herein assigned as error. The undisputed evidence that from the date of his injury until his death—approximately 5 months later, the burn on the right arm never healed, and his condition during all this period became continuously and progressively worse, adds factual and objective

support to Dr. Lueders' opinion. For the reasons above stated, the board finds that the errors assigned by the defendant as a basis for this appeal are without merit. Wherefore, the findings of fact, conclusions of law and award of the referee are affirmed."

Technically speaking the board, which is the ultimate fact finding body, as the referees are only its representatives, should have made a more express and definite finding and substituted it for the referee's third finding of fact. But in effect that is what the board did. It clearly appears that it accepted Dr. Lueders' testimony, to which we refer later, and based a finding thereon that there was a direct causal connection between the accidental burns followed by infection and death. It was not a model, but it was a sufficient finding and had substantial and competent evidence to sustain it and therefore is conclusive on the courts: *Hoosca v. Lytle Coal Company*, 129 Pa. Superior Ct. 434, 436, 196 A. 892.

The appellants insist further that there was no substantial competent evidence to support a finding of causal relationship between the burns suffered by the decedent and his death and therefore compensation should not have been awarded.

Reference to the testimony is necessary to meet this objection. Dr. Lueders testified that the decedent was under his care from March 25, 1938, until he was hospitalized on April 7, 1938, when he came under the direct charge of Dr. Kolmer. Dr. Lueders, however, continued to follow the progress of the decedent's disease by periodical examinations of hospital records and charts until the time of his death. He testified that he believed that there was a connection between the burns decedent suffered and his death as the burn was a very fertile field, or a culture medium, for infection. After stating that Smith's death was due to a subacute streptococcus viridans, endocarditis and septicemia, he was asked the

following question: "And in your opinion was that connected with the original burn." He replied: "I said it was." He testified further that as the burns never completely healed and as Smith had no other accident between the injury of January 18, 1938, and his death he could find no other condition which had caused his death except the burns.

Dr. Kolmer, the principal witness relied upon by the defendant, testified that he made a thorough physical examination of the decedent at the time of his admission to the hospital, subsequent tests, etc., and that in his opinion there was no relation between the burn and his death from acute streptococcus viridans endocarditis. On cross-examination, however, he said that the burn was a portal of possible entry for the type of bacteria that eventually brought about the death of this man.

Dr. Roesler, called by the defendant, expressed the same opinion as that given by Dr. Kolmer.

This direct conflict of medical testimony raising issues of fact was for the board's consideration and decision. We may not disregard the medical testimony offered by the plaintiff and set aside that fact finding body's disposition of factual issues. We cannot determine questions relating to the preponderance of the evidence or the credibility of the witnesses: *Icenhour v. Freedom Oil Works Co. et al.*, 145 Pa. Superior Ct. 168, 20 A. 2d 817. Our sole duty, which we do not find difficult to discharge in this case, is to determine whether the findings adopted by the board are supported by substantial and competent evidence. The lower court did not make findings, as appellants contend, it simply correctly construed the board's findings which as above stated were sufficiently clear to meet the legal standards.

"Unequivocal expert medical testimony that an injury is a marked contributory factor in an employee's

subsequent death, or that such injury so aggravated a preexisting condition that it accelerated his death is sufficient to establish the requisite relation or connection between the injury and the death, and meets the requirements prescribed in the decisions of our Supreme Court and of this court." *Williams v. Susquehanna Collieries Company*, 148 Pa. Superior Ct. 540, 25 A. 2d 751. See, also, *Kramer v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 467, 25 A. 2d 607, and *Thomas v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 161, 25 A. 2d 98. The testimony introduced by the claimant comes within that legal requirement.

Judgment of the court below is affirmed.