Capriotti, Appellant, *v.* Philadelphia Inquirer Co. et al.

Argued December 13, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J. absent).

*Joseph Sternberger,* with him *Alexander Schamban,* for appellant.

*J. Paul Erwin,* for appellees.

OPINION BY BALDRIGE, P. J., January 25, 1945:

In this workmen's compensation case the parties entered into an agreement on August 29, 1938, providing for the payment of compensation for total disability resulting from accidental injuries described as "fracture malar bone and possible other head injuries."

On April 25, 1939, the employer and its insurance carrier petitioned for termination of the agreement alleging disability of claimant had ceased as of April 19, 1939. Various hearings were had at which medical testimony was introduced by both sides. Dr. Forrest

M. Harrison, Chief of the Department of Neurology and Psychiatry at the U. S. Naval Hospital, Philadelphia, under whose care the claimant had been for almost two months during the summer of 1939, was summoned by the referee to testify.

The board's findings of fact included the following: "Fourth: At hearings held at various dates from January 10, 1940 to May 14, 1940, medical evidence was presented by the defendant which indicated that any disability remaining after April 19, 1939, was due to a luetic tumor. Fifth: We find as a fact that the tumor discovered at the base of the claimant's skull during his hospitalization in the Temple University Hospital was neither caused nor affected by his accidental injury of July 9, 1938." The board found also, as did the referee, that the claimant's injuries, for which compensation was paid, ceased July 26, 1939, and accordingly terminated the agreement as of that date. The court below upheld the compensation authorities. This appeal followed.

The appellant's contention that the evidence was insufficient to warrant the termination of the agreement is, in our judgment, without merit as the record shows substantial, competent evidence to support the board's findings. This appeal, therefore, is unavailing: *Baumeister v. Baugh and Sons Co. et al.*, 142 Pa. Superior Ct. 346, 16 A. 2d 424; *Smith v. Wm. Hodges Co. et al.*, 151 Pa. Superior Ct. 14, 18, 28 A. 2d 719. It is urged on his behalf that he suffers from traumatic neurosis as the result of this accidental injury and is entitled to compensation. If the board had so found and made an award it would be upheld (*Redrick v. Knapp Brothers Co. et al.*, 127 Pa. Superior Ct. 92, 193 A. 117; *Holobinko v. Moshannon Smithing Coal Co. et al.*, 145 Pa. Superior Ct. 489, 21 A. 2d 440), but it found otherwise.

We will not refer to the medical witnesses other than Dr. Harrison, as it was upon his testimony that the compensation authorities mainly relied and it was stipu-

lated by the parties that in this appeal we be limited to considering his testimony, pleadings and documentary records. Dr. Harrison testified that claimant was examined when he was admitted to the hospital on June 2, 1939. He then made many contradictory statements concerning his touch and pain sensations and numerous complaints of pain, dizziness, etc. for which no organic basis was found. The neurological examination was "essentially negative." The doctor states that his diagnosis of claimant's trouble in July 1939 was traumatic neurosis, which is akin to a hysterical condition. He expressed the opinion that if the claimant makes up his mind to work he is capable of doing so; that his symptoms are much more pronounced because of this pending case; that when it ends they will cease. It is true the records of the U. S. Naval Hospital show that when claimant was discharged his condition was "improved." That rather indefinite statement furnishes the basis of the argument that the patient was not cured. It is significant, however, that further treatment is not suggested or recommended, and that there is a further notation that he was discharged because he had attained "the maximum benefits from hospitalization." This record is to be considered in connection with Dr. Harrison's testimony, which fairly bears the construction that the claimant is not suffering any disability from the accidental injury for which he seeks compensation and is able to resume work.

The board stated in its opinion: "...... that recovery from the malar bone injury was uneventful; that the tumor was not involved in the injury, but that there was a traumatic neurosis following the injury from which the claimant had recovered and a mental attitude which required the therapeutics of getting back to work. In reaching those conclusions we emphasized the testimony of Dr. Harrison. We got the impression from this doctor's testimony that he felt the claimant to be exaggerating his symptoms from the time of the exami-

nation made on admission to the Naval Hospital in the first week of June, 1939."

In view of the broad powers given the compensation authorities to determine factual issues, we cannot say in the face of the record before us that the board committed error of law in reaching its conclusion. We find no justification for disturbing the disposition of the case made by the court below.

Judgment is affirmed.