## Baughman, Appellant, v. Hockensmith Wheel & Mine Car Company.

Argued September 24, 1945. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*Jas. L. Kennedy,* for appellant.

*H. Reginald Belden,* with him *Harold A. Stewart,* for appellee.

OPINION BY DITHRICH, J., December 12, 1945:

The parties in this workmen's compensation case executed an open agreement for compensation. The defendant obtained from the claimant a final receipt which purported to terminate the agreement. On petition to set aside the final receipt, the referee concluded that it should not be disturbed and dismissed the petition. The board upheld the action of the referee but based its decision on different grounds. From the decree of the court of common pleas affirming the order of the board, claimant brings this appeal.

Frank Baughman, the claimant, was employed by the Hockensmith Wheel and Mine Car Co., defendant, as a watchman. His hours of work were from 6:00 P. M. until midnight. On the evening of May 23, 1942, he met with an accident. It is described in the agreement as follows: "While claimant was making his rounds in the shop and walking past boiler, tripped and fell in pit in front of boiler and suffered a sprain of the left ankle and foot and contusions of the chest." He was treated for these injuries by Dr. R. A. Garman and an X-ray picture was taken. Dr. Garman continued to treat claimant at his home

and on July 17, 1942, advised him that his injuries had completely healed and that he could return to work. On July 22, 1942, the parties entered into the open agreement providing for compensation payments beginning May 31, 1942, at the rate of $15.54 per week for an indefinite number of weeks. On the same day, claimant signed the final receipt in the amount of $95.46, terminating the compensation period as of July 12, 1942. Claimant did not return to work for the defendant company. He did, however, work as a watchman for the Faucet Company and other companies several months after the accident. He also did some work as a constable and tax collector. The claimant was about sixty-eight years of age, blind in one eye, and was suffering from arterio-sclerosis, pulmonary congestion, lumbago, varicose veins, and failing memory. He died as a result of his general physical condition on September 30, 1944. His widow and executrix, Edna Baughman, was substituted as appellant on September 24, 1945.

The petition to set aside the final receipt, filed by claimant on March 11, 1943, alleged that he had neither signed nor authorized it to be signed. A hearing was held before the referee, who concluded that the receipt was valid. On appeal, the board found that the receipt was procured through improper conduct on the part of the employer's representative and remanded the case for further hearing. The board in this opinion pointed out that the order setting aside the final receipt automatically revived the agreement, and that the burden shifted to the defendant to produce evidence which justified the modification or termination of the agreement. Thus the board treated the proceeding as though a petition to terminate an open agreement had been filed by the defendant. After the second hearing, at which both sides offered medical testimony, the referee again concluded that the defendant's liability ceased with the payment of compensation to July 12, 1942, and that the final receipt should not be disturbed. On second appeal,

the board held that the result reached by the referee was correct although his findings and conclusions were erroneous. The issue as to the final receipt had been decided on the first hearing and appeal. The final receipt had been set aside and the agreement reinstated. The issue on the second hearing and appeal was entirely different, viz., whether the claimant was entitled to further compensation under the agreement. On this issue, the board decided that the agreement should be terminated as of July 12, 1942 (by coincidence, the same date set out in the final receipt), but for the reason that on this date the claimant had recovered from the injuries sustained in the accident. The board also found that any disability subsequent to July 12, 1942, was in no way related to, or associated with, the injuries suffered in the accident.

The question raised on this appeal, identical with the one raised in the court below, is very simple. Are the board's findings of fact supported by competent evidence? Unquestionably they are. Dr. Garman treated the claimant from the day of the accident, May 23, 1942, to September 3, 1942. He testified that on July 17, 1942, he found the claimant well and able to return to work, that the injuries suffered in the accident had completely healed. He further stated that the accident was not the cause of any mental disturbance or of any disability after July 20, 1942. Dr. D. Ray Murdock, who examined the claimant on February 6, 1944, testified that he found no external evidence of injury to his chest or left foot and that as far as these injuries were concerned the claimant had made a complete recovery. He also said that it was impossible for him ". . . to associate his mental disturbance with the alleged accident of May 23, 1942 . . ."

Dr. O. B. Snyder, claimant's witness, examined him on February 4, 1944, and testified that the accident was a contributing factor to his mental condition. The board flatly stated that it preferred the testimony of defend-

ant's medical experts which it had the unquestionable right to do. The board may accept or reject the testimony of any witness: *Zbirowski v. John T. Lewis & Bros. Co.*, 130 Pa. Superior Ct. 222, 196 A. 606; *Williams v. Susquehanna Collieries Co.*, 148 Pa. Superior Ct. 540, 25 A. 2d 751. This rule applies in the case of medical witnesses and where any conflicts appear in such experts' theories or opinions: *Kennedy v. Holmes Construction Co. et al.*, 147 Pa. Superior Ct. 348, 24 A. 2d 451; *Hayden v. Stony Spring Coal Co. et al.*, 157 Pa. Superior Ct. 423, 43 A. 2d 384. Since the findings of fact are supported by substantial competent evidence, they are conclusive and cannot be disturbed: *Strode v. Donahoe's Fifth Avenue Store*, 127 Pa. Superior Ct. 231, 193 A. 86; *Wheeler v. National Nayle Grip Co.*, 149 Pa. Superior Ct. 596, 27 A. 2d 513.

Appellant also questions the necessity of expert testimony and its preferability over physical facts. It is true that expert opinion is unnecessary in a case where the causal connection between accident and injury can be inferred by a layman. But the circumstances in such a case must clearly show that the injuries are immediately and directly or naturally and probably the result of the accident: *Benci v. Vesta Coal Co.*, 131 Pa. Superior Ct. 435, 200 A. 308; *Dorsch v. Fisher Scientific Co.*, 136 Pa. Superior Ct. 197, 7 A. 2d 604. There were no such circumstances in the instant case. The injuries complained of as causing claimant's disability were not so immediately and directly the result of the accident that the causal connection could be established by a layman. Claimant's physical condition was complicated by a number of systemic disorders which in all probability were unassociated with the injuries sustained in the accident. But even if there is other evidence in conflict with the medical testimony, the final choice of what evidence is to be accepted or rejected lies with the board: *Martz v. Butler County Mushroom Farm, Inc.*, 149 Pa. Superior Ct. 276, 27 A. 2d 765. The board is not re-

quired to accept even uncontradicted testimony as true: *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schuch v. Harbison's Dairies, Inc.*, 150 Pa. Superior Ct. 582, 29 A. 2d 216.

The judgment is affirmed.