Baughman, Appellant, *v.* Hockensmith Wheel & Mine Car Co. et al.

. Argued November 13, 1947. Before Rhodes, P. J., Hirt, Dithrich, Ross, Arnold and Fine, JJ. (Reno, J., absent).

*Jas. L. Kennedy,* for appellant.

*H. Reginald Belden,* with him *Harold A. Stewart,* for appellees.

Per Curiam, January 8, 1948:

Claimant's husband, Frank A. Baughman, was injured in an accident which occurred in the course of his employment with defendant, Hockensmith Wheel & Mine Car Company, on May 23, 1942. The injuries consisted of a sprain of the left ankle and contusions of the chest. He died on September 30, 1944, at the Torrance State Hospital, having been committed there ten days previously. For additional history, see *Baughman v. Hockensmith Wheel & Mine Car Company,* 158 Pa. Superior Ct. 314, 44 A. 2d 764.

Claimant claimed compensation on the ground that her husband's death resulted from the injuries sustained on May 23, 1942. The employer averred in its answer "that his death was not the result of the accident of May 23, 1942."

The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and order of disallowance of compensation. The court of common pleas affirmed the board, and claimant has appealed to this Court.

The board found that deceased's death on September 30, 1944, was in no way related to or associated with his accident of May 23, 1942; that he had "psychosis with cerebral arteriosclerosis"; and that he died a "circulatory" death.

We have frequently held that in this type of case claimant has the burden of establishing, by expert medical testimony, a causal connection between the accident and the death. *Bunnell v. State Workmen's Insurance Fund et al.*, 124 Pa. Superior Ct. 171, 188 A. 411; *Olsweski v. Lehigh Navigation Coal Co.*, 145 Pa. Superior Ct. 193, 20 A. 2d 874; *Bannon v. Pittsburgh*, 145 Pa. Superior Ct. 201, 21 A. 2d 500; *Baughman v. Hockensmith Wheel & Mine Car Company*, supra, 158 Pa. Superior Ct. 314, 44 A. 2d 764. In the present case there is no obvious causal relationship between the two, and unequivocal medical testimony was necessary to establish causal connection. *Rich v. Philadelphia Abattoir Co. et al.*, 160 Pa. Superior Ct. 200, 203, 50 A. 2d 534. Of course the foundation of claimant's right of action was the original accidental injury which her husband had sustained. *Polk v. Western Bedding Co. et al.*, 145 Pa. Superior Ct. 142, 148, 20 A. 2d 845; *Rossi v. Hillman Coal & Coke Co.*, 145 Pa. Superior Ct. 108, 111, 20 A. 2d 879; *Jankaitis v. Harleigh Brookwood Coal Co.*, 134 Pa. Superior Ct. 125, 4 A. 2d 161.

The medical testimony clearly established that deceased's death on September 30, 1944, did not result

from the remote accidental injury on May 23, 1942. Dr. D. A. Walker, under whose care deceased remained from September 20 to September 30, 1944, the day of his death, gave the cause of death as "generalized arteriosclerosis." He testified that in his opinion the accident was not related to the death of claimant's husband; that deceased showed progressive failure; that the diagnosis was psychosis with cerebral arteriosclerosis; and that he died a circulatory death.

This testimony was sufficient for the board to find that the death was not caused by or did not result from the original injury, sustained more than two years before; and there is in the record no other evidence as to the cause of death.

The board's finding was supported by evidence, substantial, competent, and sufficient; and the order of disallowance necessarily followed. See *Schrock v. Stonycreek Coal Co. et al.*, 152 Pa. Superior Ct. 599, 602, 33 A. 2d 522. See, also, *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. 2d 51.

Judgment for defendant is affirmed.