Opinion by
Arnold, J.,
In this workmen’s compensation case the referee made an award for the death of claimant’s husband. This was sustained by the Board and the court below, and defendant appealed. The sole question is whether the evidence sustains the finding of causal relationship between the injury and the death.
Claimant’s husband, 72 years of age, while in the course of his employment met with an injury to the head. Prior thereto he had hypertension or high blood pressure. The head injury caused a hemorrhage in the brain or, as commonly termed, a “stroke,” rendering his left arm useless and his left leg affected. The accident occurred on May 18, 1945, and he received compensation for total disability until his death on March 28, 1948,—more than two and one-half years after the accident.
His death was the result of lobar pneumonia, a germ disease. The only testimony to establish the causal connection between the accident and the death was that of *617 his attending physician, whose testimony was that the deceased had suffered “a gradual deterioration” and that there was a connection between his injury and death; that “He went down hill gradually, deteriorated physically ... I feel positive that there was a definite connection between this man’s accident and his death.” He further testified: “Q. Did the accident contribute anything to his death? A. I would say it loioered his resistance in such a way that it predisposed toward hastening his death.” (Italics supplied). This physician “couldn’t say” how the pneumonia was contracted, although agreeing that it was a germ disease. Because of the long period of time between the injury and the death, and there being “no obvious causal relationship between the two, . . . unequivocal medical testimony was necessary to establish causal connection,” (Italics supplied) : Baughman v. Hockensmith Wheel & Mine Car Co., et al., 161 Pa. Superior Ct. 601, 56 A. 2d 111. “. . . where death occurs long after the accident and lowered resistance alone is relied upon to maintain the continuity of events, the burden is on the claimant to clearly establish [this] causal connection ... by expert testimony.” : Bannon v. Pittsburgh, 145 Pa. Superior Ct. 201, 204, 21 A. 2d 500.
The difficulty with the claimant’s case is the same as was pointed out in McCoy v. Jones & Laughlin Steel Co., 275 Pa. 422, 425, 119 A. 484, that the “ ‘whole of . . . [the expert] testimony . . . might be transferred from the case before the court to any other case, involving injury of any kind, followed in time by disease of any kind, and be as material, or as immaterial the present case ‘required a careful and specific application, to its facts, of the expert knowledge of the witnesses, in order to give to that knowledge any value as evidence’; and ‘the requirements of the law could not be met by a mere statement of general principles.’ ” These principles are particularly true where, as here, the employe suf *618 fered from arteriosclerosis and was past the age of seventy at the time of the original injury. In Anderson v. Baxter et al., 285 Pa. 443, 446, 132 A. 358, the Supreme Court said: “In the instant case the pneumonia was so remote in time from the . . . [accident, 81 days] that-common observation would suggest no connection between them. . . .” See also Morgan v. Philadelphia & Reading Coal & Iron Co., 273 Pa. 255, 116 A. 891.
In the present case the testimony of claimant’s expert shows that his conclusion of causal connection between the accident and the death was based solely on the lowered resistance of the decedent. The testimony did not show any direct relationship between the accident and the disease causing the death, but merely a conclusion that the lowered vitality of the decedent “predisposed toward hastening his death.” In short, claimant’s medical testimony was merely that the decedent, in the three years following his injury, gradually deteriorated, and that at the time the lobar pneumonia was contracted his resistance was so lowered that he could not resist the germ disease. This is not sufficient. It may be noted in passing that the claimant’s medical expert also testified (25a) : “I would say it [his condition after the accident] actually weakened this man to such extent if it weren’t pneumonia something else would have come along. ... I think if anything would have come along with an acute fashion it would have taken him away.”
Judgment reversed, and the award of the referee, approved by the Workmen’s Compensation Board, is set aside.