TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

C. G. ROYS, Appellee.

No. 6508.

Court of Civil Appeals of Texas.

Amarillo.

June 20, 1955.

Rehearing Denied Sept. 12, 1955.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, (Tom Lorance, Jr., Amarillo, of counsel), for appellant.

R. C. Hamilton, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a workmen's compensation case. The appellee, C. G. Roys, was the employee; the appellant, Texas Employers' Insurance Association, was the compensation insurance carrier and Norman L. Larson was the employer.

The injury complained of happened on April 5, 1954 while appellee and other employees were engaged in assembling heavy steel spans to be used as reinforcing in the making of concrete piling and it was alleged that each of these spans weighed from 1,200 to 1,400 pounds. While the employees were moving one of the spans somehow there was extra weight placed upon appellee and this heavy and severe strain upon appellee resulted in a hernia or rupture of his right side and groin. Immediately upon being hurt, appellee was carried to a doctor and from that doctor was taken to another doctor where he was operated upon the next day for the purpose of correcting this hernia. Appellee pleaded because of such injuries he sustained he was totally and permanently incapacitated. Appellant pleaded that any incapacity appellee might have sustained was partial rather than total and that any incapacity, whether total or partial, was temporary rather than permanent and that any disability appellee might have occurred subsequent to the injury in question and was unrelated to this injury alleged by appellee.

The case was tried to a jury upon special issues. In answer to the special issues, the jury found that the injuries sustained by appellee on April 5, 1954, resulted in a hernia and that such hernia appeared suddenly and immediately following the injury; that said hernia did not exist in any degree prior to such injury; that appellee's injury was accompanied by pain; that an average weekly wage of appellee just and fair to both appellant and appellee was $52.50; that the operation performed on appellee on April 6, 1954 to correct such hernia was not successful; that appellee was totally incapacitated for a period of 12 weeks but that such total incapacity to labor was temporary; that appellee's injury resulted in his becoming partially incapacitated to labor for a period of 1,560 weeks; that the percentage of such partial incapacity to labor was 60%; that the seizure of sneezing on or about April 17, 1954 was not the sole cause of the present disability of appellee and that such sneezing did not contribute to the incapacity of appellee to labor. Upon this verdict, the court rendered judgment for appellee that he recover from appellant the sum of $25 per week from April 5, 1954 for a period of 12 weeks from said date and $18.90 per week for 300 weeks commencing after the expiration of 12 weeks from April 5, 1954 and that the usual ⅓ go to the attorney representing appellee. From this judgment, appellant has perfected this appeal.

Appellant, by its first point of error, complains of the action of the trial court in failing to inquire of the jury on what date any partial incapacity of appellee commenced. There is no question, under this record, but what appellee was totally incapacitated on April 5, 1954 for a period of time. The jury was asked if this total incapacity was permanent and the jury answered that it was only permanent for a period of 12 weeks but that appellee was 60% partially incapacitated for a period of 1,560 weeks. If appellee was totally incapacitated for a period of 12 weeks and partially incapacitated for 1,560 weeks, all as found by the jury upon sufficient evidence, as a natural consequence the partial incapacity commenced at the expiration of the twelve weeks total disability. The same point presented by appellant here was determined in the case of Texas Employers' Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.

2d 693, at page 696, writ refused, N.R.E., where it is said:

"The appellant points out that the court had no right to ignore his demand that this issue be submitted to the jury since it was a matter upon which the evidence was in conflict. However correct the appellant may be in this assertion, we do not believe that in such a case this contention should be sustained. Only the ultimate and controlling issues raised by the pleading and the evidence must be submitted by the court. The commencement date of appellee's partial incapacity was not a controlling independent issue of recovery raised by the pleadings and the evidence. From the form of the charge and the manner in which the issues were submitted, it is apparent that all of the questions and answers with respect to partial incapacity were intended to have reference to a period of partial incapacity following the period of total incapacity. The jury found that the appellee suffered temporary total incapacity for a period of five weeks. The appellee's permanent partial incapacity is presumed to have commenced when, at the expiration of five weeks, temporary total incapacity ended. Fidelity & Casualty Co. of New York v. Branton, supra [Tex.Civ.App., 70 S.W.2d 780]; Commercial Casualty Ins. Co. v. Strawn, supra [Tex.Civ.App., 44 S.W.2d 805]; Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423."

Appellant's first assignment of error is overruled.

■ Appellant's second assignment of error contends that the trial court submitted the question of average weekly wage only under Section 1, Subdivision 3, of Article 8309. Appellee testified that he was working for Mr. Larson as a carpenter and that immediately preceding April 5, 1954 he had worked as a carpenter about 70–75 days and that besides working as a carpenter, he pulled bolls and did farm work and that he estimated, during the

year, he had worked about 200 days counting all kinds of work he did. He further testified that he knew no carpenters who worked as much as 300 days because of the weather and that there was not much going on since the people were struck with the last two to three years drouth—no one building—and carpenters were leaving.

Appellant introduced a form statement made by Mr. Larson showing that appellee only worked for Mr. Larson parts of eight weeks and that during those eight weeks he made as high as $77.19 each week for two weeks and as low as $4.38 one week. Mr. Kennon, a disinterested witness, testified that he knew there were no carpenters in that general vicinity that worked as much as 300 days before April 5, 1953 and April 5, 1954. The undisputed record is that Mr. Larson was paying appellee $1.25 per hour. Mr. Kennon testified that the going wage rate in that vicinity for general carpenter work was from $1.50 to $2.50 per hour. It was the contention of appellant that the court erred in not first submitting to the jury where the appellee worked the required time preceding the accident in question and also as to whether others of like employment had worked the required time before submitting the issue as to what was an average weekly wage just and fair to both parties. Since there was sufficient uncontroverted testimony showing that appellee had not worked the required time and testimony that no one else of like employment had worked the required time under the terms of the workmen's compensation act and no evidence to the contrary, there was no disputed fact to submit to the jury as to the first two matters before submitting the question as to what would be just and fair. Texas Employers' Ins. Ass'n v. Rodriquez, Tex.Civ.App., 263 S.W.2d 174; Aetna Casualty & Surety Co. v. Davis, Tex.Civ.App., 196 S.W.2d 35. Appellant's second point of error is overruled.

■ By appellant's assignments of error three and four, it is contended that the court, as a matter of law, should hold that the sneezing of appellee was the sole cause of appellee's disability. There is no ques-

tion about when appellee received the hernia in question; neither is there any question about appellee's sneezing. The jury found that the seizure of sneezing was not the sole cause of appellee's present disability. Sneezing is a reflex or an involuntary action. The appellee was a man 53 years of age and the fact that he had a hernia and was operated the day after the hernia was created and a few days thereafter the same place was ruptured or the hernia reappeared is sufficient under this record to show the present disability of the appellee is due to the original hernia. We are of the opinion that the holding of the Supreme Court in the case of Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W.2d 345 at page 348 is in point here where it is stated:

"(6) Our Workmen's Compensation Law Art. 8309, Sec. 1, defines injury as 'damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom.' This langauge should be liberally construed. Similar provisions of other statutes have been construed to cover just such a condition as is reflected by this record. A terse and accurate statement of the generally accepted holdings is made in Horovitz on Workmen's Compensation, pp. 75, 76, in this language: '* * * Traumatic neuroses following physical injuries are almost universally compensated even though financial, marital and other worries play a part.'

"(7) The authorities cited and others which could have been cited support the text and establish the general rule to be that neurosis of the character of that from which petitioner is suffering is a disease, and that, if it results from a physical injury, is compensable. Wareham v. United States Rubber Company, 73 R.I. 207, 54 A.2d 372; Armour Grain Company v. Industrial Comm., 323 Ill. 801, 153 N.E. 699; Peterson v. Dept. of Labor & Industries, 178 Wash. 15, 33 P.2d 650; Skelly v. Sunshine Min-

ing Co., 62 Idaho 192, 109 P.2d 622; Morris v. Garden City Co., 144 Kan. 790, 62 P.2d 920; O'Neil v. Industrial Accident Fund, 107 Mont. 176, 81 P.2d 688; Lee v. Lincoln Cleaning and Dye Works, 145 Neb. 124, 15 N.W.2d 330; In re Hunnewell, 220 Mass. 351, 107 N.E. 934; Welchlin v. Fairmont Ky. Motors, 180 Minn. 411, 230 N.W. 897; Capriotti v. Philadelphia Inquirer Co., 156 Pa.Super. 509, 40 A.2d 880; E. I. Du Pont, etc., v. Green, 116 Ind.App. 283, 63 N.E.2d 547; Porter v. W. Horace Williams Co., La.App., 9 So.2d 60; Schneider on Workmen's Compensation, Permanent Edition, Vol. 5, p. 242 et seq.

"(8) These authorities are very persuasive, but independent of authority our view is that a consideration of this case based alone upon the language and evident purposes of our workmen's compensation laws as applied to the facts would lead unerringly to the conclusions above announced. This man cannot use his physical powers. He is incapacitated to do physical labor. That incapacity is not simulated; it is very real. Then why should he not be compensated? In our view it is no answer at all to say that it is because his disability resulted from his neurosis, when the evidence clearly warranted the finding by the trial court that the neurosis resulted from the physical injury."

Appellant's assignments of error three and four are overruled.

■ Appellant, by its fifth assignment of error complains of the court failing to instruct the jury that the jury answers to each of the special issues should be by unanimous vote of all the jurors that they were not to decide and answer by lot or chance and that they were not to bargain with and answer or agree to answer the issues by majority rule. The verdict of the jury was:

"We, the jury, find as our verdict, the answers written beneath the ques-

tions asked, and here now return the same unto open court."

This indicates that all of the jury agreed upon each answer and, in the absence of any proof that some of these things complained of happened, the court cannot presume that the verdict was not legal in every way. Appellant's fifth point of error is overruled.

Judgment of the trial court is affirmed.