Opinion by
 

 Wright, J.,
 

 This is a case arising under The Pennsylvania Occupational Disease Act. Act of
 
 June 21,
 
 1939, P.
 
 L.
 
 
 *497
 
 566, 77 P.S. 1201 et seq. We are here concerned with an appeal by claimant from an order of the Court of Common Pleas of Schuylkill County, affirming a decision of the Workmen’s Compensation Board wherein the claim petition was dismissed.
 

 On February 1, 1960, Mike Perón filed a claim petition alleging that he became totally disabled as a result of anthraco-silicosis on October 5, 1959, and that his last exposure to a silica hazard was in June 1954, while employed by the Phoenix Park Coal Company; At the hearing before the Referee, the date of Peron’s last employment was amended to February 15, 1954, and the date he became totally disabled was amended to January 9, 1960. After considering the testimony, the Referee filed a disallowance of compensation under Section 301(c) of the statute, as amended, 77 P.S. 1401(c), on the ground that claimant’s disability did not occur within four years after the date of his last employment. Upon claimant’s appeal to the Workmen’s Compensation Board, the decision of the Referee was affirmed. Claimant appealed to the Court of Common Pleas of Schuylkill County, which tribunal directed that the record be remitted to the Board for further hearing and determination. The Board again affirmed the decision of the Referee. Claimant once more appealed to the Court of Common Pleas, which this time affirmed the Board’s decision.
 

 It is not disputed that claimant is in fact totally disabled by reason of anthraco-silicosis. He was examined by Dr. M. J. Herbert on January 9, 1960, on which date Dr. Herbert found that claimant was suffering from “advanced anthraco-silicosis with secondary emphysema”. The problem on this appeal arises from Dr. Herbert’s testimony that anthraco-silicosis is a progressive disease and that claimant was totally disabled “about two or three years before I examined him”, more specifically in the month of January 1958.
 
 *498
 
 In remanding the record for further hearing and determination, the court below was of the opinion that the Board had not given consideration to Dr. Herbert’s testimony. In its second opinion the Board found that Dr. Herbert’s testimony was not “sufficiently credible to sustain an award”.
 

 In an occupational disease compensation case, it is claimant’s burden to prove all of the elements necessary to support an award:
 
 Witters v. Harrisburg Steel Corp.,
 
 183 Pa. Superior Ct. 450, 132 A. 2d 762. If we were to decide this case on the basis of the pleadings, there is no question that appellant’s claim would fall. His petition, as amended, alleges (1) that the date of his last employment was February 15, 1954, and (2) that the date he became totally disabled was January 9, 1960. This is obviously a period of more than four years.
 

 Disregarding the averment in his claim petition, as amended, we proceed to a consideration of appellant’s assertion that the date of his disability was actually January 9, 1958. He contends that the Board capriciously disregarded Dr. Herbert’s testimony to that effect. It is argued that “the Board must either believe the testimony or not believe the testimony. If the Board does not believe the testimony, it can . . . reject it. If the Board does believe the testimony, it must accept it”. This argument overlooks the well-established rule that it is the prerogative of the Board to weigh the testimony of witnesses and to accept or reject it in whole or in part:
 
 Baughman v. Hockensmith Wheel & Mine Car Co.,
 
 158 Pa. Superior Ct. 314, 44 A. 2d 764;
 
 Iezzi v. Creamer Const. Co.,
 
 200 Pa. Superior Ct. 265, 189 A. 2d 314. The Board is not required to accept the testimony of any witness,
 
 Webster v. Grove City College,
 
 198 Pa. Superior Ct. 475, 181 A. 2d 924, and this rule applies even though the testimony is not contradicted:
 
 Smith v. Pullman-Standard Car Mfg.
 
 
 *499
 

 Co.,
 
 194 Pa. Superior Ct. 263, 166 A. 2d 299;
 
 Lind v. Argo Lamp Co.,
 
 198 Pa. Superior Ct. 247, 181 A. 2d 726.
 

 The Workmen’s Compensation Board is the ultimate fact finding body under The Pennsylvania Occupational Disease Act:
 
 Jaloneck v. Jarecki Mfg. Co.,
 
 157 Pa. Superior Ct. 609, 43 A. 2d 430. Even though the employer offered no evidence, it was within the province of the Board to decline to make an award if it found that the testimony of Dr. Herbert was unsatisfactory:
 
 Stampone v. Anthony Dally & Sons,
 
 188 Pa. Superior Ct. 615, 149 A. 2d 129. It is apparent that the Board, while willing to accept Dr. Herbert’s diagnosis of total disability on January 9, 1960, chose not to place credence in his testimony as to the possible prior date when disability became total. A markedly similar situation was presented in
 
 Obzut v. Philadelphia & Reading Coal & Iron Co.,
 
 199 Pa. Superior Ct. 289, 184 A. 2d 381, wherein we rejected a contention that the Board was guilty of a capricious disregard of medical testimony. Where the decision of the compensation authorities is against the party having the burden of proof, the question for review is whether the findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capricious disregard of the competent evidence:
 
 Irvin v. Plymouth Meeting Rubber Division,
 
 182 Pa. Superior Ct. 280, 126 A. 2d 491. The situation presented by the instant appeal comes entirely within this rule.
 

 Order affirmed.
 

 Montgomery and Flood, JJ., would remand for further medical testimony.